AZARIAS WILLIAMS *vs.* JAMES WETHERBEE, administrator of *Samuel Wetherbee.*

Essex,
March,
1827.

[*See Ante. vol.* 1, *p.* 233.]

In an action of covenant broken, founded on a covenant in a deed of land, if the deed be executed with all legal formalities and recorded, it is of itself evidence in the action, and its execution need not be proved.

So of *copies* of deeds of mesne conveyance, duly certified from the records of the town clerk's office, where the *originals* were recorded, where the party wishing to use them has not, or is not entitled to the custody of the originals.

In an action of covenant broken, where the breach assigned is a recovery of the land by elder and better title, the plaintiff must not only show the recovery, but also that the title upon which the recovery was had, *was* elder and better than his own, or that his grantor and covenantor was vouched in, to defend.

In an action upon the covenant of warranty, where there have been no betterments, and where the breach is a recovery by elder and better title, the measure of damages is the value of the promises at the time of the recovery, and the parties' *actual* costs in the suit in which the recovery was had, together with interest thereon till judgment.

THIS was an action of *covenant broken,* and several issues of fact joined therein, were tried before Essex county court, at their September term, 1826.

For the second count of the declaration, see *ante. vol.* 1, *page* 235.

And the said *James,* as to the said supposed breach of covenant, in the said second count of the said *Azarias's* declaration assigned, says, that he the said *James* ought not to be charged with the supposed breach of covenant, by virtue of the said supposed deed of the said *Samuel Wetherbee* to the said *Daniel Howe,* in the said second count of said declaration mentioned; because hesays that the said deed is not the deed of him the said *Samuel,* and of this the said *James* puts himself upon the country. *{1st plea to the 2d count.}*

And for further plea in this behalf, as to the said supposed breach of covenant, in said second count of said declaration assigned, the said *James,* by leave of the Court here for this purpose first had and obtained, says, that the said *Azarias* ought not to have or maintain his aforesaid action thereof against him, because he says that the said premises in said second count of said declaration mentioned, by grants, conveyances, or assignments thereof duly made, did not come to and vest in the said *Azarias* in fee; so that he became seized and possessed thereof as assignee of the said *Daniel Howe,* in manner and form as the said *Azarias* hath in the said second count of his said declaration in that behalf alleged; and of this the said *James* puts himself upon the country. *{2d plea to the 2d count.}*

And for further plea in this behalf as to the said supposed breach of covenant, in said second count of said declaration assigned, the said *James,* by like leave of the Court here for this purpose first had and obtained, says, that the said *Azarias* ought not to have or maintain his aforesaid action thereof against him, because, protesting that the said *Samuel Wetherbee,* in his life time, and the said *James,* as his administrator since his de- *{3d plea to the 2d count.}*

42

Essex,
March,
1827.

Williams
vs.
Wetherbee.

cease, have, from the time of the ensealing and delivery of the said deed to the said *Daniel Howe*, in said second count of said declaration mentioned, hitherto well and faithfully kept the said covenant of said *Samuel* to warrant and defend said premises, to the said *Daniel*, his heirs and assigns, in said deed contained, according to the form and effect of said covenant——And protesting, also, that said *Ebenezer Clark* hath not any right of entry into said premises, by title which accrued to the said *Ebenezer* before the said deed made to the said *Daniel*, as aforesaid ; for plea, he the said *James* says, that the recovery of the seizin and possession of said premises by the said *Ebenezer* against the said *Azarias*, in the said action of ejectment, was by covin, and not by lawful title, elder and better than that derived from the said *Samuel*, as the said *Azarias*, in the second count of his said declaration, hath thereof alleged ; and this the said *James* is ready to verify : wherefore, he prays judgment if the said *Azarias* ought to have or maintain his aforesaid action thereof against him, &c.

Replication to the 3d plea to the 2d count.

And the said *Azarias*, as to the plea of the said *James*, by him thirdly above pleaded to the said supposed breach of covenant, in said second count of said *Azarias's* said declaration assigned, saith, that he the said *Azarias*, by reason of any thing by the said *James* in that plea alleged, ought not to be barred from having and maintaining his aforesaid action thereof against him the said *James*, in his said capacity of administrator as aforesaid, because, he saith, that the recovery of the seizin and possession of the said premises by the said *Ebenezer* against him the said *Azarias*, in the said action of ejectment, was not by covin, but by lawful title, elder and better than that derived from the said *Samuel*, in manner and form as the said *Azarias*, in his said second count of his said declaration, hath thereof alleged ; and this he prays may be inquired of by the country.

Joinders to the several issues above tendered, and verdict and judgment for the plaintiff. On this trial, several exceptions were taken by the counsel for the defendant, which were certified to this Court, as follows :

And now at this term of the court, the parties being called, appeared, and a jury being duly impannelled and sworn, the plaintiff offered in evidence a deed, purporting to have been signed and sealed by *Samuel Wetherbee* to *Daniel Howe*, dated 26th June, 1802, witnessed by two witnesses, and legally acknowledged and recorded. The defendant objected to the deed being read to the jury, until the execution of the same was proved. The court decided that said deed was sufficiently proved by the acknowledgement and recording of the same, and directed said deed to be read in evidence to the jury.

The plaintiff then offered copies of deeds from *Daniel Howe* to *Solomon Hopkins*, *Solomon Hopkins* to *Silas Abbott*, and *Silas Abbott* to *Solomon Hopkins*, of the same land in question, duly certified by the town clerk ;—to the introduction of which copies the defendant objected, as they were severally introduced ;

but the objections were overruled by the court, and said copies were read in evidence to the jury.

Essex,
March,
1827.

Williams
vs.
Wetherbee.

The plaintiff then offered copies of a record, showing a former recovery in ejectment, in favour of *Ebenezer Clark* against the present plaintiff, for the lands in question ;---the defendant objected to the evidence offered ; but the court overruled the objection, and the record was read in evidence to the jury.

Deeds from *Solomon Hopkins* to *Ebenezer Blanchard*, said *Blanchard* to *John Williams*, and said *Williams* to *Azarias Williams*, were read to the jury, and here the evidence closed.

The defendant then requested the court to charge the jury, 1st, That, as the plaintiff had offered no evidence tending to establish and prove the title of *Ebenezer Clark* to be elder and better than the one conveyed by *Samuel Wetherbee* to *Daniel Howe*, nor cited the said *Samuel Wetherbee* to appear in court and defend against the suit of *Ebenezer Clark* against the said *Azarias Williams*, the plaintiff could not recover in the present action.

But the court instructed the jury, that the plaintiff was not bound to produce any other evidence than the aforesaid record, to entitle him, in that particular, to a recovery.

The defendant further requested the court to instruct the jury---That there can be no recovery on the part of the plaintiff, unless the plaintiff actually shows himself evicted or dispossessed by a writ of possession issuing on the judgment aforesaid, in favour of said *Ebenezer Clark.*

But the court instructed the jury, that the record of the judgment in favour of said *Clark* against said *Azarias*, was sufficient evidence of eviction and ouster, to entitle the plaintiff, in this particular, to recover ; and it was not incumbent on the plaintiff to show an actual ouster.

The defendant further requested the court to instruct the jury---That if they found a verdict for the plaintiff, the rule of damages would be the consideration of the said *Samuel Wetherbee's* deed to *Daniel Howe*, and the interest thereon from the date of the deed to this time, together with the costs in the suit of the said *Clark* against said *Azarias*, at the time of the appeal in the last mentioned suit, which was in the year A. D. 1813, and interest thereon.

But the court instructed the jury, that if they found for the plaintiff, the rule of damages would be, the actual worth of the land and the improvements thereon, that is to say, the value of the premises at the time of final judgment in the suit of said *Clark* against said *Azarias*, which was in the year 1814, and the whole amount of costs taxed on said last mentioned judgment, with interest on both sums up to the present period.

On trial, the plaintiff introduced witnesses to show the value of the land, with the improvements thereon, at the time of the final judgment in the action of *Clark* against the said *Williams.*

The cause was now argued before this Court, on a motion by

*Essex,*
March,
1897.

Williams
*vs.*
Wetherbee;

the defendant that the judgment of the county court be reversed, and for a new trial, for the errors apparent in the exceptions.

*Paddock*, in support of the motion.   The objection to the introduction of *Samuel Wetherbee's* deed to *Daniel Howe*, arises out of the ordinary and first rules governing testimony.   It is very certain, that unless the plaintiff had declared that *Samuel Wetherbee* executed the deed in question to *Daniel Howe*, no action could have lain against him ; whether he did execute the deed or not, is put in issue by the plea, and to be proved according to the known rules of law.

The first evidence, then, that ought to have been required, was the subscribing witnesses ; next to that, some one who had seen the defendant write, a sworn copy, or comparison of hands ; (7 *East.* 279, *Roe, ex. dem. Brune* vs. *Rawlings ;*) and last of all, the acknowledgement of the deed, and that without showing that the person signing as justice of the peace was in fact such.   Had it been shown that the person officiating was a magistrate, the presumption would be that he acted under the sanction of an oath----but without that, it ought not to be received as *prima facie*----it might all be a forgery.---3 *Taunt.* 60.

In the case of *Jackson* vs. *Burton*, 11 *Johns.* 64, a deed which had been executed forty-four years, was permitted, reluctantly, to be used as evidence, though proved by one of the subscribing witnesses, the court saying that in ordinary cases the absence of the other witness ought to be accounted for.   And in *Jackson* vs. *Lewis*, 13 *Johns.* 504, a deed, though acknowledged, was not admitted as evidence until proved by the subscribing witnesses.

If this Court have heretofore, in suits of ejectment, admitted the deed of a party to go to the jury, upon the evidence only of a certificate of acknowledgement, (the grantor being a stranger to the recording,) it does not follow that such a decision would be a precedent for introducing copies from the record to support an action on the covenants.   I see no reason why as high a grade of evidence is not necessary to support an action upon a covenant in a deed, as a covenant in any other instrument ; and in this case the only evidence was a copy of a copy. A copy from the town clerk's record of the charter of a town, has never been admitted as evidence, because it was the copy of a copy.

2. It has never yet been settled in this state, to my knowledge, that copies from the record are proper evidence to charge a remote grantor with the breach of his covenant.   It has been decided, that a person claiming under a deed in the hands of a third person, and to the possession of which he had no right, need not make a profert ; but, then, if defendant stand trial, he must not only produce it in court, but prove it.---*Willes*, 560.

Our statute, requiring deeds to be recorded, in order to pass the title to real estate, does not make copies from such record evidence of itself sufficient to pass the estate ; and though our

*Essex,*
*March,*
*1827.*

Williams
*vs.*
Wetherbee:

courts may at this day feel somewhat bound by former practices, yet copies never ought to have been received as evidence, other than that the statute had been complied with, and the plaintiff left to produce his title deeds.

If the common law has been infringed and broken in upon by one class of decisions, it affords no reason for a second breach, and it does not necessarily follow, that because our courts have received copies as evidence in land trials, that they are bound to receive them in an action of covenant broken.

Where there are several endorsers upon a note, and an action brought in the name of the last against the maker, it is required of the plaintiff to prove the hand writing of all the previous endorsers; and I should think the necessity less urgent than that the plaintiff should produce and prove the execution of all the intermediate deeds between him and the defendant.

Supposing one of the intermediate deeds was a forgery, the defendant, in an after suit by the last actual grantor, could not avoid a recovery against him, for the present judgment would not be a bar to that suit.

It may be answered, that such a probability is so remote it is not expedient to guard against it.----But a judgment ought to be a perfect security to the defendant in all cases.   As well *might* it be said, there is no necessity for proving the endorsement of the note, because it is a rare case for a note to be stolen and put into circulation by endorsement.

3. Anciently, and before deeds with covenants were in use in England, the tenure by which lands were held, bearing a relation to covenants of warranty, was "*tenant by homage ancestreal,*" and a possession by such tenure drew to it a warranty, that the lord would warrant his tenant in the holding his lands, when the tenant was impleaded for the same.   And the process by which the landlord was brought in, was a *summomas ad warrantizandum ;* if the lord (otherwise styled the vouchee,) appeared, he had his election to give the tenant other lands, or pay the value; if the vouchee did not obey the summons, then the tenant hath judgment to recover against his vouchee the value of the lands recovered by the demandant.

And if the tenant did not vouch in the vouchee, his remedy against him was forever gone.---*Coke on Lit. Sec.* 145. (101 C.)

After the appearance of the vouchee, the tenant was put upon his proof, that he or his ancestors had done homage ; and in default of such proof, the vouchee might disclaim.---*Ibid.*

To avoid the necessity of proving homage, it may justly be supposed that warranties were introduced, not, however, varying the legal effect of the proof or mode of redress ; and the only deviation at the present day from the ancient practice is, that the voucher is not bound to take other lands, nor is he bound to vouch in the vouchee in the suit of the demandant ; but then the vouchee is not to be deprived of his rights ;---if the voucher is not inclined to give him notice of the demandant's suit, he must be liable to answer that default in another way----that is,

*Essex,*
March,
1827.

Williams
*vs.*
Wetherbee.
when he brings his action upon the covenant of warranty against the vouchee, he must prove the recovery by the claimant, and the title by which that recovery is had, and nothing short of this will put the vouchee in the same situation to defend against the title of the claimant, that he would have been in, if vouched in.—*Hamilton* vs. *Cutts*, 4 *Mass. R.* 353.

The third plea of the defendant to the second count in the plaintiff's writ, notifies him that the defendant will contend against the title of *Ebenezer Clark*, and that the recovery by *Clark* against *Williams* was by covin, and not by elder and better title, &c.;—and though this charge is made affirmatively, yet, as the defendant is not supposed to know by what title *Clark* recovered, and as such knowledge had been conveyed to the plaintiff, he should bring forward *Clark's* title, and take the affirmative. (2 *Saund.* 131, *a. N.* 19.——*Abbott* vs. *Allen*, 14 *Johns.* 252.)

The same principle is recognized in the 88th section of the act of our legislature, regulating judicial proceedings, by saying that *a landlord shall not be prejudiced by the collusion of his tenant with the plaintiff, in a recovery of tenant's possession.*—Therefore, in admitting the record of *Clark* vs. *Williams*, and instructing the jury that the same was conclusive evidence, in the present suit, of the validity of *Clark's* title, was clearly erroneous and contrary to law.

4. The covenant of warranty has nothing to do with the title of the land. The contract between the landlord and tenant, or grantor and grantee is, that the grantee shall not be dispossessed by any one claiming by elder and better title than the grantor's, and this covenant *is not, and cannot be* broken by the fact that there is an outstanding title to the land, elder and better than the grantor's, nor by that fact being determined by a court of law ; for although there may be a judgment to that effect, it does not follow for a certainty that a writ of possession ever will issue and be executed.

The covenant, if broken at all, must be either by judgment of court, or by the execution of the writ; and supposing that immediately after the judgment the grantee should sue his covenant, and recover his money, and within the two years given by our statute, should reverse the judgment by writ of error, would the covenant be broken if a writ of possession had not issued, or he disturbed in the possession ? Supposing the landlord had been joined in the suit, and improper testimony had actually been by the court permitted to go to the jury on a final trial, and which determined the cause in favour of the plaintiff, and within two years reversed, by the procurement of the grantor or landlord ; in these cases it certainly cannot be said that the judgment operates or works a breach of the covenant.

5. I suppose the law to be well settled, that a covenant of warranty for quiet enjoyment cannot be broken, but by an actual ejectment, thrusting out, or dispossessing.——*Hall* vs. *Dean*, 13 *Johns.* 105.—*Waldron* vs. *McCarty*, 3 *Johns.* 471.—*Kerr* vs.

Essex,
March.
1827.

Williams
vs.
Wetherbee.

*Shaw,* 13 *Johns.* 235.---*Whitsbee* vs. *Coake,* 15 *Johns.* 486.---*Proprietors, &c.* vs. *Springer,* 4 *Mass. R.* 418.

6. And I supposed the rule of damage in the action of covenant broken, equally settled. In the covenant of seizen, in the cases---*Staats* vs. *Executor of Eyck,* 3 *Caines* 111---*Pitcher* vs. *Livingston,* 4 *Johns.* 1---*Bennet* vs. *Jenkins,* 13 *Johns.* 50---*Marston* vs. *Hobbs,* 2 *Mass.* 433---*Buckford* vs. *Paige,* 2 *Mass.* 455---*Caswell* vs. *Wendall,* 4 *Mass.* 108---*Sumner* vs. *Williams,* 8 *Mass.* 162---*Nicholds* vs. *Walker,* 8 *Mass.* 243---*Leland* vs. *Stone,* 10 *Mass.* 459, and *Flureau* vs. *Thornhill,* 2 *Blk. Rep.* 1078, the consideration of the deed, with the interest, was held to be the rule of damage, and in the case of *Sumner* vs. *Williams,* the plaintiff was allowed to recover the plaintiff's costs in ejectment. I am aware that in *Gare* vs. *Brazier,* 3 *Mass.* 523, Judge *Parsons,* in an action on the covenants for quiet enjoyment, made a different decision, and gave the value of the lands---thereby applying the ancient common law, which, I believe, has ever slept quietly since the days of *Edward III.* excepting in that solitary case, at least I have not seen another decision to mate it. This question was learnedly discussed and ably examined in *Staats* vs. *Executor of Ten Eyck,* 3 *Caines,* 111, and *Pitcher* vs. *Livingston,* 4 *Johns.* 1.---And no satisfactory reason can be offered why the same rule should not be applied to *both* covenants, in this state, considering the grantee can always avail himself of our betterment act, and thereby recover pay for all the improvements.

7. But in this case, there was no evidence that *Wetherbee* was in possession, or any other person, at the time of the execution of the deed, and the fact was, that it was in a state of nature, so that the rule of damages would be the same in the warranty of quiet enjoyment, that it would be in the covenant of seizen in fee, for the covenant would have been broken as soon as made, and nothing would have passed by the deed, as decided in the case of *Marston* vs. *Hobbs.*

But, should I be mistaken upon all the foregoing points, I think I am not, in saying that *Azarias Williams* had no authority or right to defend *Clark's* suit at the expense of *Wetherbee,* beyond the first court, without citing *Wetherbee* in, and the law ought not to allow him to recover of *Wetherbee* his costs subsequent to that time.

*Fletcher,* contra.

The opinion of the Court was pronounced by

HUTCHINSON, J. The first question presented is, whether the original deed, containing the covenant on which the present action is brought, was admissible in evidence, without other proof of its execution, than was furnished by its containing all the statute requisites of witnessing, acknowledgment and recording? The Court consider that it was admissible. The statute, *p.* 167, is express, that a deed thus executed "shall be valid to pass the estate, without any other act or ceremony in the law what-

Essex,
March,
1827.

Williams
vs.
Wetherbee.

ever." Deeds, with these requisites apparent upon them, have always been adjudged admissible, without further proof, in all actions of ejectment; and there seems no good reason why the same decision should not prevail in the action of covenant broken. The result of the two actions is different; the plaintiff recovering in the former the land itself, and in the latter, damages for the loss of the land. But the question to be decided is the same in both actions, to wit, whether the grantor and covenantor owned the land when he executed the deed? If he then owned the land, it passed by the deed, and the grantee, by force of the deed, can recover it in ejectment against any person whatever: if he did not then own the land, it did not pass by the deed, and the grantee must recover his damages in the action of covenant broken.

The second question presented, is, whether it was competent for the plaintiff to prove the several intermediate conveyances from the first grantee, *Howe*, to his own grantor, by regularly certified copies from the town clerk's records, which purport to be copies of deeds for that purpose regularly executed? These were copies of deeds not to be presumed to be in the possession of the plaintiff; and the object of this proof, again, is exactly what it would be if the action were ejectment to recover the land itself: the object is to make plain the plaintiff's title to whatever land was in fact conveyed by *Wetherbee* to *Howe* in the first deed. The object of the plaintiff, in the action of ejectment, would be to show that he in fact owned the land, and was entitled to recover it.---His object in this action is to show that he owns whatever passed by *Wetherbee's* deed to *Howe*, and, therefore, is the legal assignee of *Howe*, and is entitled to recover on the covenants running with the land, whatever *Howe* might have recovered for the breach of the same covenants, if he had never conveyed away his title to the premises. In the first of *Phil. Ev.* 310, citing 2 *Starkie*, 7, *Blake* vs. *Braybrook*, it is laid down as a general rule, "that a copy, authenticated by a person appointed for that purpose, is good evidence of the original, without any proof of its being an examined copy." And by the case of *Smartle* vs. *Williams*, 1 *Salk.* 280, the the same rule is adhered to. The same is treated as law in all cases, in *Gilbert's Law of Evidence*, p. 86. *Buller*, in his *Nisi Prius*, seems to doubt this, and *Peake's Evidence*, p. 186, recites the statute of 10th of *Anne*, which he considers as putting upon the statute of *Henry VIII.* for enrolment of deeds, the construction, that the copies of lost deeds only are intended. But the practice in this state has always been, to admit the office copies, like these in question, in all questions where the party producing them had not the custody of the originals. This practice may have been encouraged by expressions in our statute regulating conveyances.---See *Stat.* p. 167, *sec.* 6. Provision is there made, that copies of deeds from the county clerk's office, in certain cases, "shall be allowed as authentick as copies from the town clerk's office." So the 9th section of the same act provides for

Essex,
March,
1827.

Williams
vs.
Wetherbee.

the executing of deeds under a power of attorney, and the recording of the same power, and adds—"A copy thereof, from the records, shall be read in evidence, when the original cannot be produced, in the same manner as the copy of the deed made thereby is admitted in evidence." These expressions do not necessarily imply that such copies may be read without proof that the originals are out of the parties' power; but the course has been, ever since the act passed, to admit regular copies of such deeds as do not belong to the party wishing to use them. And there is no inconvenience in this practice, for, in case of a doubt raised, whether the deed were genuine, every presumption would be against the party using the copy, unless the original were shown to be out of his power. Moreover, either party may take a subpœna *duces tecum* to a third person, having the custody of a deed in the chain of title, that is, suspected to be a forgery. And, without some such necessity, it is better for the parties to avoid the expense of procuring the originals, by admitting the regular copies as *prima facie* evidence of the title. The decision admitting the copies is considered correct.

It appears that the defendant objected to the reading of the reeord of the recovery in the action of *Clark* against the plaintiff, *Williams*. This objection was overruled—and the Court discover no reason why it should not have been read. It was proper evidence to prove that fact as alleged in the declaration. Indeed, this objection probably was intended as form, with a view to contend for the necessity of further evidence of the title upon which the recovery was had. But that question more fairly arises upon the charge of the court. It does not appear that the plaintiff introduced any testimony to show that Clark recovered that judgment upon the strength of an elder and better title than that which came from Wetherbee to the plaintiff, nor that any notice was given by Williams to Wetherbee of Clark's suit, that he might come in and defend the same; and the defendant requested the court to instruct the jury, that the plaintiff was not entitled to recover without proof to one or the other of these points. But the court instructed the jury, that the plaintiff was under no necessity to add any such proof to that of the record, in order to recover. For this decision the defendant is entitled to a new trial.

The plaintiff alleges in his declaration, a recovery against him by Clark, by a title elder and independent. On a general demurrer to some other plea in bar, decided a year ago, objections were taken to the declaration, because this allegation did not amount to an averment of an elder and better title. The court, however, and with some difficulty raised by the authorities cited, overruled the objections. We should have had none of this difficulty, could we have considered the allegations too unimportant to require proof in case of a denial. That decision was publicly announced, and is now reported, and must have been sufficient notice to the plaintiff to come prepared

43

with this proof, if he recollected that the issues joined are what we now find them to be.

The charge of the court, with regard to the measure of the damages, was nearly correct; at least, the defendant has no right to complain of it. The court instructed the jury, if they should find for the plaintiff, to give the plaintiff the value of the premises at the time of the final judgment in Clark's suit, and the taxable costs of that suit, and interest on the whole. Instead of saying, the *taxable* cost, the court should have said *actual* cost, for the plaintiff can have no remedy for that but in this suit.

It will be observed, that we are deciding the case presented, and that only. Should a case arise, in which damages were sought for such improvements as are provided for in the act concerning betterments, a different rule for assessing the damages must be pursued, and one adapted to the particular circumstances of the case.

The judgment of this Court is, that the judgment of the county court be reversed; and a new trial is granted.

PRENTISS, J. having been of counsel in the cause, did not sit on the trial.