*N. Harmon*, for defendant in error.

* * *

Executors of JEFFREY A. BOOGE *vs.* JUSTIN PARSONS et al.

An ancient record of a deed, contained in a book kept for the purpose' of recording deeds, and in the hand writing of the town clerk in office at the time, though not signed or certified by the clerk, is admissible evidence, not only to prove the deed recorded, but also of the execution and contents of the deed, the original being lost or destroyed.

This was *ejectment* for lands in the town of *Chittenden*, belonging to the right of *Publius V. Booge*, under whom the plaintiffs claimed title. On trial in the county court, the plaintiffs, in order to prove the execution, loss, and contents of the deed from *Publius V. Booge* to their testator, and also to prove that said deed was duly acknowledged and recorded, offered in evidence the deposition of *Samuel C. Booge*, together with a book of records of deeds, wherein a copy of the deed in question with a proper acknowledgment was contained. The defendants objected to this evidence, because the record of the deed was not signed by the town clerk, nor any attestation or certificate annexed showing it to be a true copy and record of the original, and because the two pieces of evidence taken together were improper and insufficient to establish the facts for which they were adduced. To obviate the first objection, the plaintiffs offered to prove, that this was the only book kept in the town of *Chittenden* for the recording of deeds, for several years before and after the time when the deed in question was supposed to have been recorded, and that

RUTLAND,
*February,*
1830.

Booge
*vs.*
Parsons et al.

the several records in the same, including the record of this deed, were in the proper hand writing of the town clerk then in office in said town. All the evidence thus offered by the plaintiffs being rejected, they submitted to a nonsuit, with leave to move this court to set it aside.

The deposition of *Samuel C. Booge* and the book of records were referred to as part of the case. The deponent testified that in 1788, *Aaron J. Booge,* another original proprietor of *Chittenden,* conveyed to him the whole of his right in said town—That in the deed of conveyance, lot no. 56 was contained as a part of said right, the rest of the right being then undivided—That about the same time *Publius V. Booge* deeded to *Oliver Booge* and *Jeffrey A. Booge* (the testator) his right in said town, designating lot no. 57 as a part of said right—That soon after the execution of these deeds the deponent settled in *Chittenden,* and made improvements upon both of said lots 56 and 57—That he surveyed the lands and continued to improve said lots until 1799, when he removed to the town of *Georgia,* carrying with him the two deeds of conveyance aforesaid—And that in 1810, his dwelling house was consumed by fire, upon which occasion the two deeds aforesaid, and the survey bills of said lands, were destroyed.

The book aforesaid appeared upon inspection to be filled with copies of deeds, entered through a period of several years, most of which were certified as true records and subscribed with the official signature of the town clerk. The certificates, to be found near the page on which the deed in question was entered, preceding and following it, bore dates which indicated a regular succession of the records, and tended to fix the entry of this deed at a time several years previous to the removal of *Samuel C. Booge* from said town.

*Bates and Williams,* in support of the motion, contended,

1. That the deposition sufficiently proved the execution and contents of the deed, and that the book was only necessary to show the deed acknowledged and recorded.

2. That the record, accompanied with the evidence offered, ought to have been admitted. A copy of the record of a deed is evidence of its contents.—2 *Car.* & *Payne,* 289.—1 *Mod.* 117.—6 *C. L. R.* 452.—2 *Dal.* 81.—7 *East,* 291.

3. That a certificate of the recording officer on the record is not necessary to give effect to the record. It is sufficient if the deed is copied or enrolled on the book of records by, or under the direction of, the proper officer.—14 *Vin. Ab.* 442.

RUTLAND,
February,
1830.

Booge
vs.
Parsons et al.

*Hodges and Collamer, contra.*—On proof of the loss of a deed, its execution with all legal requisites, as also its contents, must be proved by legal testimony. The failure of the highest proof does but lay the foundation for introducing secondary proof; but this secondary proof must still be legal testimony, and the writing offered in this case was entirely destitute of all legal sanctions; it never having been certified under official oath, nor proved by parol to be a true copy.—1 *Star. Ev.* 354–5.—If the record of the deed is to be taken as evidence, not merely for the purpose of notice, but also as proof of the execution and contents, (as this Court decided in *Williams* vs. *Wetherbee*, 2 *Aik. Rep.* 329,) most undoubtedly the record should be fully authenticated. An enrollment of a deed in pursuance of the statute of enrollment, *(27 H. VIII,)* may be copied by the proper officer, and the copy, being duly authenticated, is admitted in evidence, without proof of the execution of the deed. For this practice (which was long doubted) the reason assigned is, that the officer authenticates it. If then it is not so authenticated, it is not evidence. Our practice rests on the same principle, though for less satisfactory reasons; since the officer taking the acknowledgment and making the enrolment is not the same person with us, as he is under the English statute. The primary object of enrolment was notice to the public : it has since become evidence of the execution and contents of the deed: and now all these effects are claimed for it, though destitute of any authentication. If this can be, it is difficult to perceive whence a record derives its authenticity ; or why a forged deed, once recorded, is not as good, and even better than a true one, as the party would have a motive to lose it.

It may, perhaps, be urged that policy requires the admission of this evidence, as many records in the state may be thus defective. But it is not believed that the evil exists to any great extent ; and besides, such a record might, perhaps, be safely admitted for the purpose of notice, after the execution and contents are otherwise duly proved. We also contend that no extent of the evil can justify a court, by judicial legislation, to establish a new rule of evidence. If existing rules can be dispensed with, new requisitions may be established. As well might necessity be urged to authorize the testimony of the parties to a cause, or the general introduction of hearsay evidence.

ROYCE, J. delivered the opinion of the Court.—The plaintiffs claim to have acquired a title under *Publius V. Booge*, by means of his conveyance to the testator and another person. The common rules of evidence would of course require them to produce

the deed on trial, executed with all the requisite formalities. But the deed had been destroyed, and the production of it became impossible. Under such circumstances the plaintiffs might still attain their object by proving the destruction of the deed, its execution and contents, and that it was duly acknowledged and recorded. For these purposes the evidence recited in the case was offered in the court below, and we are now to decide whether it was legally admissible, and sufficient to make a case to be submitted to the jury.

RUTLAND,
*February,*
1830.

Booge
*vs.*
Parsons et al.

The loss of the deed was directly sworn to by *Samuel C. Booge*, whose testimony to that point must be sufficient till done away by opposing evidence. As to the execution and contents of the deed, the deposition is not satisfactory, and standing alone, would be clearly insufficient. When the execution and contents of a particular deed are matters directly in issue, it is not enough for a witness to say in general terms that such a deed was executed. Such testimony is rather a declaration of the law, as understood by the witness and parties, than a statement of facts, from which the proper execution of a legal deed may appear. This defect in the deposition is not aided by any reference to the book of records ; the witness does not say the deed was ever recorded.— The plaintiffs have therefore to rely upon the book, not merely to show the acknowledgement and record of the deed, but also as material evidence of its execution and contents. It is settled that a perfect record is competent and sufficient *prima facie* evidence of all these facts, where the deed is to a third person, and not to the party.—2 *Aik.* 329. But here the deed to be established was to the testator himself; and whether the book was proper evidence in this case for the purposes aforesaid, must be determined from such considerations as ought to influence the question.

For the present purpose, the evidence offered to authenticate the book, as the true and only book of records for recording deeds at that time kept in the town of *Chittenden*, and that the contents of the book, including the copy of this deed, was in the hand writing of the town clerk for that period, is very material, and will of course enter into the grounds of our decision. It is to be noticed then, that the act of the town clerk, which is claimed to be a record of the deed in question, is of considerable antiquity, having taken place nearly forty years ago ;—that this copy of a deed, thus enrolled upon the public records, could have been placed there for no other purpose than that of recording the original, consistently with the duty of the recording officer ;—that through a long course of time and a succession of recording of-

Rutland,
February,
1830.

Booge
vs.
Parsons et al.

ficers, this writing has never been expunged from the records, nor in any way discredited ;—and that it appears to be a perfect record, saving only the want of a certificate or attestation. Here it may be proper to settle the question, in what the record of a deed consists. It is contended that the attestation of the officer is an essential part of the record itself, without which it is incomplete, and of course is not a record. But we think the record essentially consists in the act of engrossing the instrument in the book of records, by the clerk himself, or by some other person under his authority and inspection ; and that the certificate is evidence in support of the record, but not strictly a part of it. It is evidence however which is always to be expected, and without which a record recently made would justly be exposed to very great suspicion, but is not in every case the only evidence which can be received.

No case precisely analogous has been produced, but there are many authorities which have some bearing upon the present question. Ancient papers have often been admitted in evidence, to affect the rights even of remote parties, on the ground that they had long been preserved in the proper place and custody for authentic documents.—7 *East.* 291.—4 *B.* and *Ald.* 376.—2 *Car.* and *Payne*, 440.—8 *B.* and *C.* 737. Receipts, accounts, and other written declarations, made by persons long since dead, who at the time were interested, if at all, against the facts stated, have also been received in numerous instances.—2 *Stra.* 1129,—2 *Bur.* 1065,—4 *T. R.* 514,—10 *East.* 109. The reason given is, " that it is hard to 'prove ancient things, and the *finding them in* " *such a place* is a presumption that they were fairly and hon- " estly obtained, and preserved for use, and *are free from suspi-* " *cion of dishonesty.*"—12 *Vin. Ab.* 84.

It cannot be expected that in a question of this sort, we should wholly overlook the condition in which many records in this state are known to be. Rules of evidence must of necessity be framed with some reference to the existing state of things. Now, several other records in this book are equally destitute of any official authentication, and the same is true of the early records in a considerable portion of the other towns. And to hold that for this cause every such record is a nullity, however strongly supported by other proof, would be, in our opinion, to mistake the spirit of the common law, in which we attempt to administer justice. The result is that the record was sustained by sufficient *prima facie* evidence of its authenticity, and should have been admitted.

A distinction has been attempted between a record which is good for the purpose of notice, and such as should be admitted to

prove the execution and contents of a deed. It is not easy in a common case to perceive the principle of this distinction. The difficulty seems to be in permitting the record to be evidence of any thing, beyond the mere fact of recording, in *favor of the grantee*; because he is expected to produce the deed itself. But when the loss of the deed is satisfactorily shown, so that the production of it becomes impossible, the grantee is reduced to the situation of any third person who is not entitled to the custody of the deed ; and what is proper evidence of the execution and contents in favor of the one, would seem to be equally admissible in favor of the other.

RUTLAND,
*February,*
1830.

Booge
*vs.*
Parsons et al.

There are some considerations in this case, aside from those relating to the book of records, which tend much to strengthen the presumption that the deed in question was duly executed ; or, at least, to obviate the necessity of more direct evidence of that fact. *Samuel C. Booge,* in addition to his general declaration above noticed, testifies that he exercised a care and oversight of this property, and improved a part of it for several years, during which time, and until it was destroyed in 1810, he had the custody of this deed. If this was done with the concurrence and authority of the grantee, so that he is entitled to claim the benefit of these acts, which there is strong ground to infer, the case is brought within the principle of those decisions, by which a deed thirty years old, and under which possession has been taken, is held to prove itself. This doctrine has been long settled in the case of deeds and wills, and the following statement of it, by *Ld. Eldon* in the house of lords, though made in reference to a will, is for the most part more emphatically true of a deed. " A will thirty years old, if the possession has gone under it, and sometimes without the possession, but always with the possession, if the signing is sufficiently recorded, proves itself. But if the signing is not sufficiently recorded, it would be a question whether the age proves its validity ; and then possession under the will, and claiming and dealing with the property as if it had passed under the will, would be cogent evidence to prove the duly signing, though it should not be recorded."—12 *C. L. R.* 211 (*note.*)

For these reasons we are satisfied that the evidence offered at the trial should have been admitted to go to the jury, and the nonsuit must therefore be set aside, and the cause remanded to the county court for trial.

Nonsuit set aside,

*Bates* and *Williams*, for plaintiff.
*Hodges* and *Collamer*, for defendant.