# WINDSOR COUNTY.

## February Term, 1841.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT,

## Thos. W. Pitkin *v.* Freegrace Leavitt.

A deed, though not acknowledged until after the commencement of a suit, may, after such acknowledgment, be read in evidence.

An action on a covenant of warranty may be maintained where the grantee had brought an action to recover possession and failed for want of title in his grantor.

The record of the judgment, in such action of ejectment, is conclusive evidence of a breach of the covenant, if the grantor was duly notified of the suit, and is *prima facie* evidence of such breach, if the record shows that the recovery was not for the fault of the grantee. But, in the latter case, the grantor is not precluded from showing a title in himself at the time of making the warranty.

The rule of damages, on the covenant of warranty, is not only the value of the land, but the legal cost and necessary expenses of such action of ejectment.

This was an action of covenant. The plaintiff declared upon a covenant of warranty contained in a deed executed by the defendant to one Nathan Wilson, of lot number seven in the first division of lands in Harris' Gore, in the county of Caledonia, which deed was dated on the 25th day of October, 1813. And the plaintiff averred that afterwards, to wit, on the 30th of April, 1823, the said Wilson, by his deed of that date, duly executed, acknowledged, &c., conveyed the same land to the plaintiff; that, afterwards, on the 18th of November, 1834, the plaintiff brought an action of ejectment against one Robert Spencer, to recover the

possession of said land, made returnable to the December term of Caledonia county court, 1834, and such proceedings were therein had that the plaintiff failed to recover in said action,by reason of the insufficiency of his title derived from said deed of the defendant, and a final judgment was therein rendered for the said Spencer to recover his costs.

The defendant pleaded *non est factum*, and pleas of performance of his covenant, and issues were joined to the country.

On the trial in the county court, the plaintiff offered in evidence the deed from the defendant to Wilson, mentioned in the plaintiff's declaration, which, though dated in 1813, was not acknowledged until July 16, 1834, and, on that account, the defendant objected to said deed; but the court overruled the objection and admitted the deed. The plaintiff also gave in evidence a deed of mortgage from Wilson to plaintiff, dated October, 25, 1813, and also a quit claim deed from Wilson to plaintiff, dated April 13, 1825. Plaintiff also gave in evidence certain copies of a judgment of the supreme court, rendered in Caledonia county, at their March term, 1837, against him and in favor of Robert Spencer, in an action of ejectment, brought by the present plaintiff against said Spencer, for the recovery of the land described in the aforesaid deeds. So much of said record, as is material in this suit, is stated in the opinion of the court.

The plaintiff claimed to recover for counsel fees and other expenses incurred in said action of ejectment, and gave evidence tending to show the amount paid. No evidence was given tending to show that the defendant had any knowledge of the commencement or prosecution of said action of ejectment. No other evidence was given, excepting testimony to show the identity and value of the land at the time of the recovery in the action of ejectment. The defendant insisted, and requested the court to charge the jury, that, upon this evidence, the plaintiff was not entitled to recover at all, and that, at all events, he could not recover for the counsel fees and costs in the action of ejectment. But the court refused so to charge; but did instruct the jury that the plaintiff was entitled to recover the value of said land, so held by Spencer, and the legal costs and necessary expenses of the action against Spencer.

The jury returned a verdict for the plaintiff and the defendant excepted.

*A. Tracy* and *L. B. Peck*, for defendant.

1. The deed from the defendant to Wilson was not admissible. This deed was not acknowledged until 1834, prior to which the title had vested in the plaintiff, as far as it could vest by the conveyance. If the deed to Wilson had not been acknowledged the plaintiff could not have availed himself of the covenants ; and we submit that the case is not altered by the acknowledgment in 1834.

2. The more important question relates to the right of the plaintiff to recover on the proof detailed in the bill of exceptions. We insist that the plaintiff's *failure* to recover, in the action of ejectment, is not, in and of itself, a breach of the covenant of warranty. A party, in order to recover for a breach of this covenant, must prove an eviction, or what is equivalent to it, and that must be shown to be by title paramount. The plaintiff's failure to recover, cannot be regarded as equivalent to an *eviction.* To give it that effect, it should appear that Spencer prevailed by having the elder and better title. All the most approved forms, in counting on this covenant, state the eviction to have been made by virtue of an elder and better title. If it is necessary that the declaration should contain this averment, it is indispensable that it should be proved. *Williams* v. *Wetherbee,* 2 Aikens', 329. *Day* v. *Chisne,* 6 Peters' Cond. Rep. 181. 3 Saund. 181, note 10. *Marston* v. *Hobbs,* 2 Mass. R. 433. *Twambly* v. *Henly,* 4 *id.* 441. *Bean* v. *Jackson, id.* 408. *Prescott* v. *Truman, id.* 627. *Chapel* v. *Ball,* 17 *id.* 213. *Greenly* v. *Wilcox,* 2 Johns. R. 1. *Folliard* v. *Wallace, id.* 395. *Kent* v. *Welch,* 7 *id.* 258. *Sedgwick* v. *Hallenback, id.* 376. *Vanderkarr* v. *Vanderkarr,* 11 *id.* 122. *Kerr* v. *Shaw,* 13 *id.* 236. *Waldron* v. *McCarty,* 3 *id.* 473. *Vanslyck* v. *Kimball,* 8 *id.* 198. *Whitlock* v. *Cook,* 15 *id.* 483. *Grannis* v. *Clark,* 5 Cowen, 36. *Lansing* v. *Van Alstyn,* 2 Wend. 563, note. *Webb* v. *Alexander,* 7 Wend. 281. 4 Kent's Com. 471. 4 Conn. R. 495. 5 Conn. R. 497.

The record of the action of ejectment was the only evidence produced on the trial, tending to show a breach of the

covenant. This does not show that Spencer had any title, nor does it tend to prove that the defendant had not a *legal* title at the time he conveyed to Wilson. The defendant was not a party to that action, nor had he any notice of it, and consequently he is not affected by the judgment.

*O. P. Chandler*, for plaintiff.

I. The deed from Wilson was properly admitted. It was acknowledged before the commencement of the suit against Spencer, and, when acknowledged, it took effect from its date.

II. The failure to recover possession in the suit against Spencer, was equivalent to an eviction, at least a breach of the covenant. Platt on Covenants, (Law Library, 145.) *Duval* v. *Craige*, 4 U. S. Cond. R. 25. *Ludwell* v. *Newman*, 6 Term, 458.

III. The record offered, in absence of any proof by defendant, was *prima facie* evidence of *want of title in Leavitt*, and of better and *elder title in Spencer*.

The record shows a title in Leavitt from the collector, and from Leavitt to plaintiff, which the court in that action adjudged *invalid*.

Showing a title derived from that source, the presumption is, (if not, he could have shown to the contrary,) that it was the only title of Leavitt.

The defendant, Spencer, being shown to be in possession, no title being shown elsewhere, such possession is *prima facie* evidence of title. So strong is such presumption, that fifteen years possession is held conclusive evidence of title.

We say that, at least, the record is *prima facie* evidence of want of title in defendant, and of plaintiff's failure to recover possession, by means of the *adverse possession* of Spencer.

We insist that adverse possession is elder and better title, as between two strangers to the legal title. It did at least avail Spencer in the suit, and it is because he could *legally* withhold the possession from the plaintiff that this action is brought.

IV. The instruction to the jury, in respect to the rule of damages, was correct. It is in conformity with the rule adopted in Connecticut and Massachusetts, and by a recent decision

in this court.   1 Swift's Dig. 673.   *Hosford* v. *Wright*,
Kirby's R. 3.   *Bigelow* v. *Jones*, 4 Mass. 512.

The plaintiff was properly allowed for costs and expenses
in his suit against Spencer.   These costs, &c., were conse-
quent upon the covenant, and but for the breach of covenant,
would not have been necessary.   The plaintiff had a right to
rely upon defendant's covenant and was not bound to sue or
omit to sue at his peril.   The object in vouching in the cove-
nantor, is to fix his liability, and not to save costs. 23 Com. L.
106.   It could have been no benefit to defendant to be
vouched in.

The reason for such allowance is stronger in the covenant
of warranty, than of seizin, or against incumbrances ; but the
cases are numerous where such rule has been had in relation
to those covenants.   *Smith* v. *Compton*, 23 Com. Law, 106.
*Sumner* v. *Williams*, 8 Mass. R. 222.   *Staats* v. *Ten Eyck*,
3 Caines' R. 115.   *Pitcher* v. *Livingston*, 4 Johns. R. 11.
*Ricket* v. *Snyder*, 9 Wend. 416.   *Williams* v. *Wetherbee*,
2 Aik. R. 329.

The opinion of the court was delivered by

Williams, Ch. J.—This was an action on the covenant of
warranty.   Three questions are presented by the case.

1. Whether the copy of the deed from the defendant to
Nathaniel Wilson was admissible in evidence, the same not
having been acknowledged until the 16th of July, 1834.

2. Whether the record of the suit in favor of Pitkin, the
present plaintiff, against Robert Spencer, was sufficient evi-
dence to show a breach of the covenant of warranty.

3. Whether the rule of damages laid down by the county
court was correct.

On the first question there can be no doubt.   The object
of an acknowledgment of a deed is to authorize the proper
officer to record it, and it supersedes the necessity of proving
the execution when it is produced in court.   It is, therefore,
wholly immaterial at what time it is made.   The original
deed, if neither acknowledged nor recorded, might have been
proved on the trial of this cause.

On the second question, we would remark, that, in the ac-
tion of covenant, it is necessary to allege an eviction by a
person having a lawful title, or what is equivalent thereto.

When the grantee takes possession under his deed, it is usual to declare upon an eviction. This possession usually accompanies the deed, in England, as livery of seisin did the charter of feoffment, and hence, the action for a breach of the covenant of quiet enjoyment is rarely met with, except when there has been a technical eviction. An action may be maintained on this covenant, however, where an entry has been prevented by one having a better title, or by one in possession. This was so adjudged by this court in the case of *Parks* v. *Bates,* 12 Vt. R. 381.

Where reliance is had on an eviction to maintain the action, it is necessary that it should appear, not only that the eviction was by one having title, but that such title was not derived from the covenantee ; and it is necessary, in such a case, to aver that the person evicting had a *lawful* title, which accrued before the date of the conveyance or covenant declared upon. How the allegation, in this respect, should be, in a case similar to the one now before us, where a person to whom a deed of warranty has been given of land to which the grantor had neither title nor possession, and where the grantee may be prevented from occupying the land in consequence of the possession of another equally wanting a legal title, is not the question now before us. That such a state of facts will warrant a recovery on the covenant of warranty, has been decided in the case before alluded to.

The evidence required to prove that the person in possession had such a title as to warrant a recovery on the covenant, is the question now to be considered.

When an action of ejectment is brought against a person in possession under a deed, with covenant of warranty, and he gives notice to a grantor, and a recovery is had against him, the record of such recovery is evidence that he was evicted by a person having an elder and better title, unless it is shown that the recovery was had in consequence of a title derived by the act or negligence of the grantee subsequent to the date of the deed.

If no such notice is given of the pendency of the action of ejectment, the recovery may be evidence of an eviction, but, according to the decision of *Williams* v. *Wetherbee,* 2 Aik. 329, it must be accompanied with other evidence that it was had on the strength of an elder and better title. Possibly it

would have been better, in that case, to have considered the record as *prima facie* evidence of all the material allegations, turning the burden of proof on the party who was bound to make a good title, and who was supposed to know what title he had when he gave the deed.

In the case before us, the plaintiff did not rely on proving an eviction, but he gave in evidence the record of a judgment in an action of ejectment, brought by him against one Robert Spencer, at the term of the supreme court in Caledonia county, in March, 1837, in which a judgment was rendered in favor of Spencer. It appears from that record, (for a case was made in the county court, stating the facts, which was carried to the supreme court, on exceptions,) that the plaintiff read in evidence the deed from the defendant to Wilson, and from Wilson to him, and offered a vendue deed from Robert Whitelaw, as collector of a town tax, to the defendant, together with the previous proceedings under the act granting the tax, to authorize the collector to give the deed; and, also, it appears from the record that Spencer was in possession. A recovery was had in that action by Spencer, as the plaintiff failed to show the previous proceedings correct, so as to authorize Whitelaw to deed to the defendant. If notice had been given by the plaintiff to the defendant, requiring him to make out his title, agreeably to his covenant, the record would have been conclusive evidence, as it appears the plaintiff attempted to set up a title in Leavitt, and failed, but did not fail in consequence of any act or neglect of his.

But notice was not given. The defendant was not, therefore, precluded from proving, in this action, a good title to the land conveyed.

The record was *prima facie* evidence of what is equivalent to an eviction, and also that the plaintiff did not fail of recovering in consequence of any act or neglect of his, inasmuch as it appears that he attempted to show evidence of a title in the defendant, such as appeared on the records of the town, and it is also evidence that Spencer was in possession. This was sufficient to support this action, unless the defendant proved a good title in himself at the time of the conveyance to Wilson. The covenant obligated him to establish such a title, when legally called on so to do. As he was not notified of the pendency of the action of ejectment, he might,

in this case, have given such evidence. The record produced by the plaintiff, together with the deed, made a case, *prima facie*, for the plaintiff. The court would not have been justified, therefore, in charging the jury as requested by the defendant.

On the subject of damages, the rule was laid down that the plaintiff should recover for the value of the land, in the case of *Parks* v. *Bates*. As to the legal cost and expense in the action of ejectment, the case of *Smith* v. *Compton*, 3 Barn. & Ad. 407, is a very decisive authority, not only that there may be a recovery on the covenant when no notice had been given of the former suit in ejectment, but also that the recovery should be for the necessary cost and expense in that suit, as well as for the value of the land. The judgment of the county court is affirmed.