WILLIAM W. TURNER AND CHARLES S. PEASLEY *v.* CHAUN‑
CEY GOODRICH.

[DECIDED IN CHITTENDEN COUNTY, DECEMBER TERM, 1853.]

## Covenant of Warranty, Breach of.

In an action of covenant, upon the covenants of warranty, in a deed, if the covenantee have bought in an elder and better title, and which was asserted against him, this is equivalent to an eviction, and is a breach of the covenant.

But in such case the covenantee assumes the risk of proving the title so bought in, to have been elder and better than the title derived from his grantor.

To avoid this hazard, he must have given notice to his covenantor to defend against such title, and waited to be actually evicted, by judgment of the proper tribunal.

In such case, the covenantee is entitled to recover the amount necessarily paid, to buy the outstanding title, with necessary costs and expenses.

ASSUMPSIT on certain promissory notes.

The defendant among other things, pleaded an offset founded on the breaches of covenant, in a certain deed from the plaintiffs to the defendant.

The case was referred under a rule of court to a referee. The question raised and decided in this case, sufficiently appears, without any further statement of the facts, from the opinion of the court.

*H. Leavenworth* for plaintiffs.

*C. Adams* for defendant.

The opinion of the court was delivered by

REDFIELD, Ch. J.    The question involved in this case is, whether an outstanding title, at the time of entering into a covenant of warranty, which is elder and better than that of the covenantor, and which is asserted by bringing a suit against the covenantee, in possession of the land, and which he is compelled to buy in, to prevent being dispossessed of the land, amounts, in law, to a breach of the covenant. According to the old common

law, after covenants of warranty came in use, instead of the more ancient feudal remedy, by *warrantia chartæ* an actual eviction was necessary to be shown, in order to a recovery upon these covenants.    But that rule is very considerably relaxed in England, as will appear by the cases referred to in the argument of the cases of *Brown* v. *Taylor*, 13 Vt. 631.    *Thayer* v. *Skay*, 18 Eng. Com. Law 441.    *Hackett* v. *Glover*, 7 Petersd. 157–236.    *Smith* v. *Compton*, 23 Com. Law R. 106.

In the United States the rule has been still farther relaxed. As this covenant is chiefly a covenant for title, but also for quiet enjoyment, it has been held, in this state, that if the covenantee finds some one in possession of the land, he may bring suit, and if he fail to recover, this is *prima facie* a breach of the covenant, without notice to his warrantor to defend the title, and conclusive with such notice.    *Brown* v. *Taylor*, and cases there cited. This is held equivalent to an eviction.

And in the case of *Williams* v. *Wetherbee*, 1 Aik. 233, it was held, that a final recovery against the covenantee, in possession was a sufficient breach of the covenant of warranty, and that an actual ouster by writ of possession, was immaterial.

We have now the case of a suit brought by one having an elder and better title, and before final judgment the covenantee, to prevent being dispossessed of the land, purchases in the title at a fair rate.    This, no doubt, in justice and moral equity, is the same thing as eviction.    As the covenant is intended to bind the covenantor, to defend not only the title but the possession, and the rule of damages adopted in this state, is also intended to indemnify the purchaser for the loss of both, it is highly just and proper that he should recover such indemnity, under the covenants of warranty. If the covenantee never takes possession, or if, having taken possession the outstanding title is not asserted against him, he may have full indemnity, by action upon the covenants of seizin.    But when he is in possession of the land, and the suit is brought, or the title asserted, in any way, perhaps, whereby it becomes impossible for the covenantee longer to maintain his possession, it is the same thing whether he yields without suit or after judgment, to a writ of seizin and possession, or buys in the outstanding title at a fair rate.    Of course, if he yields to a claim of title, without suit, or without judgment, on notice to the covenantor to

defend his title, he assumes the burden of showing the title, to which he yields, good, and so also if he purchases in the outstanding title; and in either case, he must rebut all possible implication of collusion. But this is matter of evidence, and when established it should, and as we regard the recent decisions, does constitute a breach of the covenants of warranty, and entitles the party to recover the amount paid to obtain the latter, and all expenses necessary in the premises, which must extend to the costs of the suit, while pending, and counsel fees. *Pitkin* v. *Leavitt,* 13 Vt. 379.

A summary of the cases upon this point will be found in Rawle on Covenants 234, 236, 237, 238, 239, *et seq.*

The author assumes that the American law is fully settled to this extent. The cases in which the law is so decided, or so declared, are as follows: *Clapp* v. *Coble,* 1 Dev. & Bat. Ch. R. 177. *Sprague* v. *Baker,* 17 Mass. 590. In this case the outstanding title was in fact a mere incumbrance, and should have been so regarded, probably; but the court held it a breach of the covenant of warranty, as a perfect title, would have been, if asserted and bought in by the covenantee, to save being dispossessed under it. *Patton* v. *McFarlane,* 3 Penn. 425. *Dickinson* v. *Vorhees,* 7 Watts & Serg. 409. *Loomis* v. *Bedel,* 11 N. H. 74. *Brown* v. *Dickerson,* 12 Penn. 372.

The conclusion of the author, which seems to be fully justified by the cases, is, "That the weight of authority is in favor of the position, that the purchase by the covenantee, of an outstanding paramount title, when that title is actually asserted, will constitute such an eviction, as will entitle him to damages upon his covenants, for quiet enjoyment, or of warranty, measured by the amount he has thus paid," and necessary expenses of course, according to the decisions in this state, and at common law. This rule, as applied to one who has entered into possession, under his deed, is no doubt the true rule, and I have no doubt is fully sustained by the latest and best English decisions, upon this subject.

Judgment reversed, and judgment for plaintiffs, deducting the larger sum found by the referee, and the costs paid in the other suit to both parties, and interest, which were expenses necessarily incurred by defendant in acquiring the title.