JOHN FARWELL *v*. JOSEPH S. BEAN.

February Term, 1909.

Present:   ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed April 13, 1909.

*Covenants—Breach of Warranty—Measure of Damages—Conclusiveness of Judgment of Eviction.*

In an action for breach of warranty against all lawful claims, plaintiff may recover the value of the premises at the time of his eviction, with interest, and his costs and expenses in the action of eviction.

Where a grantor of real estate was vouchee in an eviction suit by a third person against the grantee, the judgment therein is conclusive on the grantor in the grantee's action against him for · breach of his covenant of warranty.

COVENANT for breach of warranty against all lawful claims. Heard on the report of a referee at the December Term, Windsor County, 1907, *Powers,* J., presiding.

It appears from the record that· on September 29, 1832, the Society for the Propagation of the Gospel in Foreign Parts, a corporation established and existing according to law, leased the premises described in the plaintiff's declaration to Elisha Parkhurst, his heirs, executors, administrators, and assigns, so long as wood grows and water runs, at an annual rent of eighteen dollars payable on the first day of February, with the right of re-entry in case the rent reserved or any part thereof should remain unpaid for the space of ten days after the same should become due; that on March 18, 1893, the defendant acquired by deed the lessee's right in the premises, subject to said lease, in and by which deed it is stipulated that the grantee therein "agrees to assume and pay the rent due on the 1st day of February last, and all future rents as they may become due"; that he paid the rents up to February 1, 1895, but not later; that on August 29, 1902, the defendant sold and conveyed to the plaintiff the same premises for the sum of four hundred fifty dollars, the conveyance being by warranty deed in com-

mon form with the usual covenants, including the covenant of warranty against all lawful claims whatever, the plaintiff at the same time taking possession of the premises.

July 18, 1904, the Propagation Society brought its action of ejectment under the statute against the plaintiff herein, before a justice of the peace, alleging that he was in possession of said premises "which he holds unlawfully and against the right of the plaintiff." On notice from his grantee of the pendency of that suit, the grantor, the defendant herein, appeared and defended the same. On trial it was found that the Society was entitled to the possession of the premises, and judgment was rendered in its favor for the possession thereof, and for fifty dollars as rents, and its costs, taxed and allowed at two dollars and eighty-one cents. No appeal was taken from that judgment. The grantee thenceforth remained in possession of the premises under an arrangement with the Society. Subsequently the suit at bar was brought for breach of the covenant of warranty in the defendant's deed to the plaintiff, and in the trial of the case a certified copy of the record of the judgment in the ejectment case was introduced in evidence and made a part of the referee's report. Judgment was rendered on the report for the plaintiff to recover four hundred fifty dollars (the value of the premises), and interest thereon since August 1904, and his costs. To which judgment defendant excepted.

The defendant also brought his petition for a new trial, on the ground of newly discovered evidence, to the Supreme Court for Windsor County at its October Term, 1908, which petition was heard with the exceptions at the February Term, 1909.

*Gilbert A. Davis* and *James G. Harvey* for the defendant.

*Pingree & Pingree* for the plaintiff.

The value of the premises is the recognized measure of damage in breach of covenant of warranty. *Strong* v. *Shumway,* 1 D. Chip. 110; *Park* v. *Bates,* 12 Vt. 387; *Pitkin* v. *Leavitt,* 13 Vt. 379; *Keith* v. *Day,* 15 Vt. 660; *Smith* v. *Sprague,* 40 Vt. 46. Plaintiff owed the covenantor no duty to remain in an unlawful possession and assume the burden of a fruitless law suit.

*Drew* v. *Fowle,* 10 N. H. 537; Rawle on Covenants, 4th Ed., 146-7.

WATSON, J.  Only one question is presented in argument on the exceptions.  It is urged that an erroneous rule of damages was adopted in the court below in allowing the plaintiff to recover the amount of the value of the premises at the time of his eviction and interest thereon.  Herein the defendant has no cause of complaint.  The rule applied is the one established in this State, except that there may be added to the value of the land the costs and expense of the action of the eviction, when any are shown.  *Williams* v. *Witherbee,* 2 Aik. 329; *Park* v. *Bates,* 12 Vt. 381, 36 Am. Dec. 347; *Pitkin* v. *Leavitt,* 13 Vt. 379; *Brown* v. *Taylor,* 13 Vt. 631, 37 Am. Dec. 618; *Keith* v. *Day,* 15 Vt. 660; *Turner* v. *Goodrich,* 26 Vt. 707.

The defendant brings his petition for a new trial on the ground of newly discovered evidence tending to show that the land conveyed by him to the plaintiff is not in fact any part of the land owned by the Propagation Society.  But the fact that the land conveyed to the plaintiff by the defendant was the same land held by him subject to the lease from the society and the payment of rent thereunder, was determined by the judgment in ejectment; and the defendant here being vouchee in that suit, the judgment is conclusive upon him in this subsequent action against him for breach of his covenant of warranty. *Keith* v. *Day,* *Pitkin* v. *Leavitt,* and *Brown* v. *Taylor,* cited above.  It follows that the so-called newly discovered evidence is not admissible and can form no basis for a new trial.

*Judgment affirmed.  Petition for new trial dismissed with costs.*