**Rhonda LENAIR, Trustee of the Lisa Trust on behalf of Lisa Trust, Plaintiff–Appellee–Cross-Appellant,**

Donna Kaufman, Plaintiff,

v.

Wayne **GAUTHIER** and Lois Gauthier, Defendants–Appellants–Cross–Appellees.*

Nos. 07–1226–CV(L), 07–1407–CV(XAP).

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Eileen Haynes, Bartlett, Pontiff, Stewart & Rhodes, P.C., Glen Falls, NY, for Appellants.

Herbert G. Ogden, Ogden Law Offices, P.C., Rutland, VT, for Appellee.

Present: AMALYA L. KEARSE, ROBERT D. SACK, PAUL J. KELLY,

* The Clerk is respectfully directed to amend the official caption accordingly.

JR.,** Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Cross-appeals from a judgment of the United States District Court for the District of Vermont, following a jury verdict. The jury found that the defendants had negligently failed to disclose material facts about a parcel of real estate and appurtenant structures that they sold to the plaintiff. The district court dismissed the plaintiff's remaining claims before the verdict. The court denied the defendants' post-verdict motion for judgment as a matter of law and the plaintiff's motion for additur or a new trial. We assume that the parties are familiar with the facts and procedural history of this case and the issues on appeal.

The district court concluded that there was sufficient evidence to support the verdict. It held that the evidence at trial supported a finding by the jury that "the defendants were negligent in failing to reveal facts which did not appear in the land records," including the fact of the "questionable condition" of the property's power line. We review the district court's conclusion *de novo*, taking the evidence in the light most favorable to the plaintiff. See *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 141 (2d Cir.2008).

■ The defendants argue they had no duty to disclose. We disagree. The evidence at trial included a document the plaintiff received from the defendants entitled "Seller's Property Infor-

mation Report." The report called for the defendants to "[d]isclose known conditions affecting the property," including, specifically, "defects or malfunctions" in the electrical system. The defendants did not do so. They therefore had a duty to disclose the existence of any facts that would make that omission materially misleading. See Restatement (Second) of Torts § 551(2)(b); *see also Pearson v. Simmonds Precision Prods., Inc.*, 160 Vt. 168, 170–71, 624 A.2d 1134, 1136 (1993).

■ A rational jury could have concluded that several undisclosed facts made the omission misleading. For example, the Gauthiers experienced at least two power outages that required repair by the power company at substantial expense. And the electrical system included a transformer, set in a fake "wishing well" on ground level, which Wayne Gauthier admitted would be "very dangerous" to the touch or even, as plaintiff's counsel suggested, "if somebody dropped something metallic in [the well]." There was therefore sufficient evidence to support the jury verdict.

The jury was not erroneously instructed on the general elements of negligence. But even if we were to find some error in those instructions, the error would not warrant reversal under Fed.R.Civ.P. 51 because the defendants themselves proposed the instructions they now challenge. See *Tuttle v. Equifax Check*, 190 F.3d 9, 15–16 (2d Cir.1999); *United States v. Young*, 745 F.2d 733, 752 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985). The defendants have not, moreover, established that they were prejudiced by the instructions, in light of the defendants' failure to disclose

---

** The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

to the plaintiff the material defects in the electrical system.

■ The plaintiff's cross-appeal is without merit. We affirm the denial of her application for additur or a new trial on damages. The Seventh Amendment generally bars the use of additur in federal courts, *see Dimick v. Schiedt,* 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935); no new trial was warranted because the damages verdict of $36,500 is supported by evidence that it would cost approximately $35,000 to "replace the [power] line," and the jury could well have decided that was all the damages to which the plaintiff was entitled, perhaps adjusted for inflation or the cost of moving the dangerous transformer. We conclude the breach of deed warranty claim was properly dismissed in light of *Pitkin v. Leavitt,* 13 Vt. 379 (1841), and we decline the plaintiff's invitation to depart from that controlling authority. And while the cross-appeal poses the interesting question whether the defendants had engaged in sufficient commercial activity to be "seller[s], solicitor[s] or other violator[s]" within the meaning of the Vermont Consumer Fraud Act, 9 V.S.A. § 2461(b), we think the district court correctly concluded as a matter of law that they had not. Under the circumstances of this case, and in the absence of a request by either party that we certify this question of Vermont state law to the Vermont Supreme Court, we will not do so.

We have considered all of the parties' remaining arguments in support of their respective appeals and have found no basis for reversal.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.