JONATHAN COBURN *versus* SAMUEL ELLENWOOD.

The proprietors of the common and undivided lands in the several townships may make partition by vote without deed ; and in certain cases may convey their lands in the same manner.

But where such proprietors voted that a proprietor should have certain lands and that their clerk should give him a deed in the name of the proprietors and he executed a deed in his own name as clerk, it was held, that nothing passed by the vote and deed.

THIS was a writ of entry, in which the demandant counted upon his own seizin of a tract of land in Lyndeborough and upon a disseizin by the tenant.

The cause was tried here upon the general issue at October term, 1826. The demandant in order to maintain the issue on his part offered in evidence the following votes of the proprietors of Lyndeborough at a meeting held on the second Wednesday of June, 1797.

"Voted, that the Reverend Dr. Walter have to chose out of the pieces of commons as many as shall amount to his shares which he claims in value by calculation to the amount of $1466.

"Voted, that the Reverend Dr. Walter having delivered in a list of the pieces which he has made choice of being No. 1, 3, 4, 9, & 10, amounting to 493 acres in value by appraisement to $1458, the same be and hereby is allowed, and ordered that the clerk do execute a deed for the same in the name of the proprietors to said Dr. Walter his heirs and assigns forever."

He then introduced a deed as follows :

"Whereas William Walter, &c. proprietor of several shares of common and undivided land in Lyndeborough, &c. and at their meeting held, &c. on the second Wednesday of June 1797, it was voted that he should have as part of his said shares in that part of the common aforesaid in No. 9, &c. and also voted that the clerk should give and execute a good and effectual deed of said land."

"Therefore I, S. Goodridge, clerk of the proprietors aforesaid, do in my said capacity hereby give, grant, convey and confirm to him the said William Walter, all the right, title and interest, which the proprietors aforesaid have to that certain piece of common, &c. To have and to hold to said W. W. his heirs and assigns forever."

"In witness whereof I have hereunto in my said capacity set my hand and seal this 25th February, 1800.

S. GOODRIDGE, *Prop. Clerk & seal.*

The demandant then produced several deeds which purported to pass the title to the demandanded premises through several persons to himself.

The tenant's counsel objected that nothing passed by the deed of Sewall Goodridge the proprietors clerk, because being authorized to convey in the name of the proprietors, he had made the conveyance in his own name, and a verdict was taken for the demandant subject to the opinion of the court upon the case aforesaid.

*Atherton*, for the demandant.

*Sawyer*, for the tenant.

RICHARDSON, C. J. The original proprietors of our townships very early exercised certain corporate powers with respect to the management and disposal of their lands ; and their successors have continued to exercise the same powers down to the present day. They are commonly known by the name of the proprietors of the common and undivided lands, in their respective towns ; and we have several statutes prescribing the method of calling their meetings, authorizing them to choose officers, assess money upon the proprietors, and appoint collectors, and empowering their collectors to sell the land of any delinquent proprietor for the payment of the sums assessed. 1 N. H. Laws 230—237, & 582—591.

No statute is however to be found, in which they are expressly declared to be corporations. The statute of 4 George 1 cap. 79, gave them power and capacity to sue and be sued. 1 N. H. Laws, 583, and the statute of February 8, 1791, 1 N. H. Laws, 246, gives them the same power and capacity. The statute of 5 George, 1 cap. 87, sec. 3, enacted " that the proprietors of the common and undivided lands, &c. where the same have been heretofore stated, &c. shall be and hereby are empowered to order, improve or divide in such way and manner as shall be concluded and agreed upon by the major part, &c." And the proprietors of all undivided or common lands not stated, &c. shall and hereby are empowered to manage, improve, divide or dispose of the same, as hath been or shall be concluded and agreed on by the major

<div style="float:left">Colburn<br>v.<br>Ellenwood.</div>

part of such proprietors." 1 N. H. Laws 586. This last mentioned act was repealed in 1792. 1 N. H. Laws, 477.

The proprietors of common and undivided lands have been accustomed from very early times to make partition of their lands by vote without deed ; and in some cases to convey their lands in the same way, and much mischief and public inconvenience would now be the consequence of holding these partitions and conveyances to be invalid.

It seems that in Massachusetts a simiar practice of dividing and conveying common land by mere vote formerly prevailed. 3 Mass. Rep. 352, *Adams* v. *Frothingham* ; 2 ditto, 475, *Rogers* v. *Goodwin* ; 12 ditto, 415, *Springfield* v. *Miller*, Col. & Prov. Laws, 194, & 402 ; 10 Mass. Rep. 146, *Codman* v. *Winslow.*

In the present case the proprietos did not attempt to convey the land by a mere vote ; but authorized their clerk by a vote to make a deed in their name. It is not now to be doubted that the proprietors of common and undivided lands are corporations ; or that they can by vote authorize agents to make conveyances in their names ; or that deeds properly executed by such agents may be valid to pass the estate. But the question in this case is, whether the agent could convey by a deed in his own name ? The general rule is, that when a deed is made by an agent it must be in the name of the principal. 7 Mass Rep. 14, *Fowler* v. *Shearer* ; 6 D. & E. 176, *White* v. *Cuyler* ; 7 D. & E. 207 ; 4 D. & E. 313 ; 2 E. 142, *Wilkes* v. *Back* ; 9 Coke, 76, *Combe's case* ; 2 Strange, 705, *Frontin* v. *Small.*

And we have not been able to discover any ground on which the deed of Sewall Goodridge can in this case be saved from the operation of the general rule. He was made the agent of the proprietors to convey certain lands and his authority was limited to a particular mode of conveyance. Admitting then that he might have conveyed the lands in his own name, had his authority been

general, still restricted as he was in the vote giving him authority to convey in the name of the proprietors, he was not authorized to convey in his own name. He was bound to pursue the vote under which he acted, and not having done so, his act is wholly inoperative.

But it is contended that the vote of the proprietors is sufficient to pass the land without a deed. If they had simply voted that the choice of lots made by Dr. Walter should be allowed, we are inclined to think, the title might have passed. But we think it is very clear from the language used that they did not intend that the title should pass by the vote. What motives induced them to order the land conveyed by deed, we know not. It is proper to presume, however, that they had their motives. And it seems to us that it would be highly improper to make the land pass by any forced construction of the vote contrary to their intention when they have clearly directed the manner in which it was their will that the land should pass.

*A new trial granted.*