## N. M. COFRAN *versus* JOHN COCKRAN.

The general rule is, that when land is conveyed by an agent, it must be by deed, in the name of the principal.

But in this state, lands belonging to a town may be conveyed by a deed in the name of a duly authorised agent.

THIS was a writ of entry, brought to recover a tract of land in Allenstown. The action was commenced on the 10th December, 1828, and was tried upon the general issue, at September term, 1830.

The demandant introduced evidence, tending to prove that Thomas W. Thompson was seized in fee of the demanded premises. He then produced the will of the said Thompson, which was duly proved and allowed, on the 3d January, 1822, by which the demanded premises were devised to the town of Candia in fee.

He then offered in evidence a deed as follows :—

"Know all men by these presents, that we, Daniel Fitts, Henry Eaton, and John Lane, all of Candia—by virtue of a vote of said town of Candia, passed March 11, 1823, authorizing us thereunto, for and in consideration of the sum of $500, to us in hand, paid by N. M. Cofran—have given, granted—and by these presents do give and grant unto the said N. M. Cofran, his heirs and assigns forever, a certain tract of land in Allenstown—being the same land that was devised to the town of Candia by the late Thomas W. Thompson—to have and to hold, &c. And we, in behalf of the town of Candia, do hereby covenant—with the said N. M. Cofran—that until the delivery hereof, the said town is the lawful owner of said premises, &c. and that the said town of Candia will warrant and defend the same to the said N. M Cofran—In witness whereof, we have hereunto set our hands and seals, this 11th October, 1825.

DANIEL FITTS, <em>and seal.</em><br>
HENRY EATON, <em>and seal.</em><br>
JOHN LANE, <em>and seal.</em>

He also gave in evidence a vote of the town of Candia, at a legal meeting holden on the 11th March, 1823, "to see if the town will vote to sell the land devised to the town by the late Mr. Thompson, or vote any thing respecting said land, which may be deemed proper when met ;" which vote was as follows :—"Voted, that a com-

mittee of three be appointed and authorized to sell the land in such a manner as they may think most proper, in order to promote the object for which it was given."

The demandant also showed that John Lane, Henry Eaton and Daniel Fitts, were appointed a committee by the town in pursuance of the said vote.

He also gave in evidence, a deed duly executed by the town of Candia, on the 1st September, 1830, by which the town " ratified and confirmed" to the said Cofran, and his heirs, the said deed made by the committee as aforesaid, and " all the right, title and interest to, and in, the said tract of land mentioned and described in the aforesaid deed, and which the aforesaid committee intended thereby to grant and convey to him, the said Cofran."

The jury having returned a verdict in favor of the demandant, the tenant moved for a new trial, on the ground that whatever might have been the title of Candia to the demanded premises, that title could not be considered as having passed to the demandant by the deeds aforesaid, previous to the commencement of this action.

*Sullivan,* attorney general, and *Fletcher,* for the tenant.

*Stevens* and *I. Bartlett,* for the demandant.

RICHARDSON, C. J. delivered the opinion of the court.

It is said, on the part of the tenant, in this case, that the deed of the 11th October, 1825, in the name of the committee, was not, in law, sufficient to pass to the demandant the title of the town of Candia. To this it is answered in the first place, that the deed in the name of the town, was a confirmation of the deed in the name of the committee, and made it sufficient from the beginning. If the defect in the deed, in the name of the committee, had been only that the committee wanted authority from the town to convey, the deed in the name of the town confirming the other deed might perhaps have been considered as a ratification of the doings of the committee, and have made the deed, in their name, valid from the beginning. But the objection to the deed in the name of

the committee, is not that the committee wanted authority, but that the deed is not, in law, sufficient to pass the title. And we are of opinion, that this is a defect, which, if it really exist, no ratification or confirmation can cure. The deed in the name of the town may be in itself sufficient to pass the title ; but we think that no confirmation can give validity to a conveyance, which is invalid, because it is in a shape, which must in law be adjudged insufficient to pass the title. A confirmation cannot change the law and make an estate pass in a mode which the law does not allow. We are, therefore, of opinion, that the deed in the name of the town adds nothing to the validity of the deed in the name of the committee, and is not entitled, as it was made since the commencement of this suit, to have any weight in the decision of the cause.

But it is further said, on the part of the demandant, that the deed in the name of the committee was sufficient to pass the land.

The general rule is, that when land is conveyed by an agent, it must be by a deed in the name of the principal. 4 N. H. Rep. 102. It has, however, been decided in Massachusetts, that when an individual conveys land as an agent of the commonwealth, under a resolve authorizing him to convey, a deed in his own name may be sufficient. 6 Pick. 409, *Ward* v. *Bartholomew.* But this decision is placed by the court on the ground, that the practice of so conveying the lands of the commonwealth had continued for sixty years, and that the land passed by the resolve rather than by the deed.

Towns cannot now pass the title to real estate by a vote, but it deserves consideration, whether, if the lands of towns have been so long and so frequently conveyed by agents in their own names, that to hold such conveyances invalid would produce great public mischief and inconvenience, the common error has not given validity to this form of conveyance ? We think it can be supported on no other ground.

A search has been made in the offices of the registers of deeds in the several counties, and it appears that within thirty years last past, deeds to the number of nearly three hundred have been put upon record, by which lands belonging to towns have been attempted to be conveyed in the same manner as in this case. And it is not doubted, that from the earliest times, when agents have been authorized to convey lands belonging to towns, the conveyance has been made most generally in the name of the agent. It is impossible to calculate the mischief, inconvenience and hardship, which may follow a decision, that nothing passes by such a deed. And we are of opinion, that the maxim "*communis error facit jus,*" must settle this case. The practice has been too long in existence, and too general, to admit the validity of such deeds to be called in question, and there must be

*Judgment on the verdict.*