## ATKINSON & UX. *vs.* BEMIS.

The original proprietors of townships in this state are regarded as corporations, and are subject to the same general rules and regulations, and are invested with similar powers of corporations.

Such proprietors may convey, or make partition of lands by deed, or by vote of the proprietary.

A copy of such vote from their records is *prima facie* evidence of title against the proprietors and against any one who enters, as a mere trespasser, claiming no title.

TRESPASS, for entering upon an undrawn lot, No. 2, in the 13th range in Lisbon, and cutting timber. Plea, the general issue. The defendant offered no evidence of right or title whatever.

To prove the title in the wife, the plaintiffs traced the rights of nine of the sixty-eight original proprietors, by regular conveyances, to one C. W. Apthorp, and offered an office copy of his deed, of April, 1783, conveying them to those under whom the plaintiffs claim. The deed did not appear to have been acknowledged, but contained the certificate of a New-York magistrate that one of the subscribing witnesses had sworn to the execution of it. The defendant objected to the admission of the copy.

The plaintiffs offered a copy of a vote of the proprietors of Lisbon, dated May 15, 1832, purporting to convey to them in the right of the wife the interest of the proprietors in the land in question. It did not appear that the meeting was regularly called, and the defendant objected to the admission of the copy. A copy of said vote is as follows:

"May 15, 1832. At a legal meeting of the proprietors of Concord (now Lisbon,) holden at the house of Levi W. Cobleigh, Esq.—

Whereas a vote passed at a legal meeting of the proprietors of Concord, holden on the eleventh day of November, A. D. 1812, authorizing Edward Little to agree with any proprietors to pitch the undivided land for their shares, and

to convey the same to them ; and whereas the said Edward Little did, in pursuance to said vote, agree with and convey to certain proprietors, land for their shares, and did purchase of others undivided shares of land in said town, so that the whole interest of this proprietary vested in him and Josiah Little, and afterwards wholly in said Josiah Little, who has since deceased, and now has passed from the other heirs of the said Josiah to Anna Atkinson, wife of William Atkinson, one of the heirs of the said Josiah—

Therefore, in order to close the proprietary, voted, that all the undivided land now remaining in the proprietors be assigned to said Anna Atkinson, in full for all the rights or shares she owns."

The exceptions were overruled by the court, and a verdict was taken by consent for the plaintiffs for $100, subject to be set aside, or amended as to damages, and the case transferred to this court.

*A. Livermore,* for the defendant, contended, 1. That the copy from the proprietors' records was improperly admitted ; that it was a mere extract, and as such could not with propriety be read in evidence. 4 *Pick.* 156, *Davis* vs. *Mason.*

2. That the doings of a corporation, not legally assembled and organized, are wholly void ; and that it behooves the party who introduces the evidence of such doings to show first that the meeting was legally called and organized. *Angell & Ames on Corp.* 275 ; 2 *Mass. R.* 538, *Pitts* vs. *Temple ;* 7 *Conn. R.* 219 ; 5 *Burr.* 2492.

*Bell,* for the plaintiffs.

Upham, J. It has been long settled, that the original proprietors of townships hold not merely as ordinary grantees, but that they very early exercised certain corporate powers with respect to the management and disposal of their

lands; and their successors have continued to exercise the same powers down to the present time.

In *Coburn* vs. *Ellenwood*, 4 *N. H. Rep.* 101, it is said, "that there is no statute to be found in which the original proprietors of townships are expressly declared to be corporations; but that there are several statutes prescribing the method of calling their meetings, and authorizing them to choose officers, assess money upon the proprietors, appoint collectors," &c.

The statute of *George I. chap.* 79, gave them power and capacity to sue and be sued; 1 *Laws N. H.* 583—and the statute of February 8, 1791, 1 *Laws N. H.* 246, gives them the same power and authority.

There seems to be no doubt, under these circumstances, that they should be regarded as corporations.

A conveyance, then, of certain rights of the proprietors, in common and undivided, by the deed to Apthorp, would merely make the grantee under that deed a member of the corporation, or proprietary; and a title in the rights conveyed could only be enforced through the proprietary, in their corporate name, until partition of the lands had been made.

No title passed, then, by the Apthorp deed, which would enable the plaintiffs to sue in their own names. There is, besides, a farther exception as to the proof of this deed, which renders it of no avail. It was not acknowledged, and was not, therefore, properly entitled to record; and an office copy was inadmissible evidence. The title would pass by the deed; but, as a matter of proof, the execution of the original deed must be shown before it is admissible as evidence.

But the plaintiffs show, by means of a vote of the proprietors, other evidence of title in this case, which, if sustained, makes out their case in full. This is a copy of the vote of partition, from the proprietors' records, without evidence that the meeting was legally notified; and the question is, whether this is a sufficient evidence of a conveyance of land.

Atkinson *v.* Bemis.

It may be regarded as settled, that the proprietors of the common and undivided lands in the several townships in this state, and also in Massachusetts, may make partition by vote without deed, and in certain cases may convey their lands in the same manner. 4 *N. H. Rep.* 99, *Colburn* vs. *Ellenwood ;* 3 *Mass. R.* 352, *Adams* vs. *Frothingham ;* 12 *Mass. R.* 415, *Springfield* vs. *Miller.* The mode of conveyance, then, is well enough, provided the proper evidence of such conveyance is produced.

We had doubts at first whether the grantee of the proprietary ought not to be held to produce the original record of the vote, in order to show his title, the same as grantees by deed are held to produce the deed. But there is a material difference in the two cases ; as, in a case like the present, the original is in the hands of the grantors—the proprietary —and the grantee can have possession of a copy only. That copy, then, ought to be good *prima facie* evidence against them ; and if it be against the proprietary, who clearly once were the owners of the land, it should be so against any one else who shows no title.

As the case, then, stands, a *prima facie* title of the proprietors is shown to be in the plaintiffs, and this is sufficient to put the defendant on proof of title ; but he offers none. He entered upon the premises as a mere wrong doer, without pretence or color of title, and must be holden liable as a trespasser. There must, therefore, be

*Judgment on the verdict.*