## ISAAC WALDRON *vs.* SAMUEL TUTTLE.

He, who relies upon a title to land acquired by a collector's sale for taxes, must shew a substantial compliance with all the requisitions of the statute, under which the sale was made.

Before possession under such a title can be submitted to a jury, as evidence of the regularity of the sale, all the usual evidence of the proceedings, which exists, must be produced.

And such a possession, in order to afford any legal ground of presumption in favor of the validity of such a title, must have been of a character clearly indicating a long acquiescence in the sale, on the part of the former owner.

THIS was an action of trespass for stopping the plaintiff's team and taking from his sled and carrying away one cord of wood.

The defendant pleaded in bar, that he was lawfully possessed of a certain close, being lot No. 107 in Barrington in this county, and that the plaintiff unlawfully entered said close with his team, and took and loaded upon the said sled the said cord of wood, which was the property of the defendant, and attempted to carry it away, to prevent which the defendant took it from the sled.

The plaintiff in his replication traversed the allegation in the plea, that the wood was the property of the defendant, on which issue was joined.

The cause was tried here at September term, 1825, when the defendant, in order to prove the wood to be his property, shewed in evidence, that the plaintiff entered the said lot No. 107 and cut down certain trees, there growing, and loaded the same on said sled, which were the same trees alleged in the declaration to be taken from the sled. And in order to shew, that he was the owner of said lot, the defendant gave in evidence a chain of conveyances, commenc-

ing in the year 1771, and purporting to transfer the title to said lot, through several persons, to the defendant. He also gave evidence, that those, under whom he claimed, entered and cut timber and wood on said lot, and claimed to be, and were reputed to be the owners of it several years previously to the year 1788 ; and that he and they had continued to cut wood and timber thereon, as their occasions required, from that time down to the present time. It also appeared, that about twenty years ago those, under whom the defendant claimed, fenced the lot, and cultivated a part of it, and occasionally used the rest as a pasture for sheep and cattle.

The plaintiff then shewed, in evidence, a deed made in 1782 by *J. Holmes* describing himself as collector of taxes for the town of Barrington for the year 1780, and as such conveying twelve acres of the easterly end of said lot to *E. Blake*, for non payment of a state tax. He then shewed a deed made by the said *Blake* in 1789 and purporting to convey the same twelve acres to the plaintiff. He also gave in evidence a deed made in 1784 by *J. Felker*, as collector of taxes for said town for the year 1783, and conveying to the plaintiff fourteen acres in said lot in common with the rest of the lot.

The plaintiff farther shewed in evidence, that immediately after the purchase of the twelve acres he and *Blake* entered and run out the same, and that the plaintiff at various times, from 1789 to the time of bringing this suit, had entered upon different parts of said lot and taken fire-wood therefrom.

The defendant objected to the reading in evidence of the deeds of *Holmes* and *Felker*, without evidence of the requisite proceedings to authorize them to convey as collectors of taxes ; but the court overruled the objection and admitted the deeds without any evidence of such proceedings.

The defendant also contended, that the deed of *Felker*, was void by reason of its conveying fourteen acres in common with the rest of the lot, and requested the court so to instruct the jury.

But the court directed the jury, that said deed was not void for that reason, and that it was competent for them to

presume from the length of time since the execution of the deeds to the plaintiff and his occupancy of the lot as before mentioned, that all acts and proceedings had been duly had and done, which were necessary to give validity to said deeds, without any other evidence of such proceedings ; and that the deed of *Felker* made the plaintiff tenant in common with the defendant, and justified him in cutting trees on any part of the lot. The jury returned a verdict for the plaintiff ; and the defendant moved the court to grant a new trial, on the ground, that the jury had been misdirected.

And now at this term, *Mason*, in behalf of the defendant said, that it appeared from the case saved, that the defendant shewed a title, and that those, under whom he claimed, were in possession of the lot in dispute under that title several years before the year 1788 ; and that for the last twenty years the defendant and those, under whom he claims, had held the lot enclosed with a fence, had cultivated a part of it, and occasionally used the rest as a pasture. The plaintiff claimed under two deeds made by collectors of taxes, in the years 1782 and 1784, and purporting to be conveyances of the land by virtue of their authority as collectors of taxes. But there was no evidence offered to the jury to prove, that the persons, who made those deeds, were in fact collectors ; no evedence of the assessment of any tax ; of any warrant to colleot a tax ; or that the directions of the statutes relating to the sale of lands for taxes were pursued by the said collectors ; unless all these things might under the circumstances be presumed by the jury, from the fact, that the plaintiff had at divers times since the year 1789 taken wood from the lot. It did not however appear, that the defendant or those, under whom he claimed, had notice, that the plaintiff thus took wood. The question then was, whether a deed over forty years old, reciting that the grantor was a collector of taxes, but not accompanied with possession known to the owner of the land, could be admitted in evidence, without proof of the authority of the grantor ?

He said, that the rule was, that to take away an inheritance by the exercise of an authority given by law, all the

provisions and requirements of the law must be strictly pursued. The slightest defect was fatal. This principle had always, with great reason, been applied to vendue titles. Any material defect defeated them. He, who claimed under such a title, must shew, that the law had been strictly followed.

Exclusive possession of land, under such a title, openly and peaceably for a long time, with the knowledge of the former owner, might, under some circumstances, afford ground to presume, that the law had been pursued in such a sale. But, in that case, the presumption would rest on the long acquiescence of the owner. However ancient a deed might be, its antiquity would raise no presumption in favor of him, who claimed under it, unless it had been accompanied with such a possession.

In this case there was nothing, from which the regularity of the sale could be presumed. The plaintiff had occasionally taken wood from the lot ; but the defendant and those, under whom he claimed, had been all the time in possession. There had been no attempt, on the part of the plaintiff, to shew the loss of any papers or records. The case, made out by the plaintiff, instead of affording any presumption, that the sale was regular, was calculated to raise a very strong suspicion, that he was compelled to resort to presumption, because he found, upon examination, that the proceedings were too irregular and defective to be supported.

The plaintiff ought to have been held to shew all the papers relating to the sale, which remain, and the loss of any, that are missing, and long exclusive possession, before he was entitled to the benefit of any presumption. 14 *Mass. Rep.* 177, *Blossom vs. Cannon.*—10 *ditto* 105, *Colman vs. Anderson.*—3 *ditto* 399, *Gray vs. Gardner.*

He also insisted, that the deed of *Felker* was void, because it conveyed fourteen acres in common, which a collector had by law no authority to do.

*Freeman*, for the plaintiff.

*By the court.* We have attentively considered this case, and have come to the conclusion, that there must be a new

trial. The jury were told, that it was competent for them to presume, from the possession of the plaintiff, and the length of time, which had elapsed since the deeds of the collectors were made, that all acts and proceedings had been duly done and had, which were necessary to the validity of those conveyances. But we are of opinion, that, under the circumstances, the possession of the plaintiff, and the antiquity of the deeds, afforded no legal ground, on which any such presumption, with respect to the deed of *Holmes*, could rest. That deed was made more than forty years ago ; but it had not been accompanied with any exclusive possession. The plaintiff had occasionally entered. But the defendant, and those, under whom he claims, have been constantly in possession. A possession, to be the ground of any presumption in favor of such a title, must be a long, open, undisturbed possession, adverse to the title of the former owner.

And we are of opinion, that in no case can a jury be permitted to presume, from the mere production of a collector's deed, and from proof of possession under it, that the sale was legal. Very few of those sales have been found to be legal. The presumption is in fact against their validity. He, who rests his claim to land upon the legality of such a title, must shew affirmatively, that the law of the land has been substantially pursued in the sale. And in no case can he be permitted to rely upon possession as evidence, even of particular facts, until he has shewn, that the common and ordinary evidence of such facts has been probably lost by time and accident, and is not to be found. In all cases, enough of the proceedings should be shewn to render it not improbable, that the proceedings may have been regular ; and then long and quiet possession may be left to a jury, as evidence of particular facts, the ordinary proof of which is not to be found.

We are, therefore, of opinion, that the jury were misdirected in relation to the conveyance by *Holmes*.

The deed of *Felker* stands on ground somewhat different. That instrument purports to convey a portion of the estate in the land in common ; and it was not to be expected, that

the plaintiff would shew any exclusive possession under that deed. But, in such a case, the possession in common must be shewn to have been open and known to the former owner, and to have remained long undisturbed by him, before it can be submitted to a jury, as a legal ground of presumption in favor of a collector's sale. It does not appear from the case saved, that the possession of the plaintiff was of this character ; and we think it was improperly submitted to the jury, as evidence of the regularity of the collector's proceedings.

Being of opinion, that, for the foregoing reasons, a new trial must be granted, it is unnecessary to express any opinion upon the question, whether, under the statute of March 16, 1780, (1 *N. H. Laws* 520,) a collector was authorized to sell a portion of the estate in common.

*New trial granted.*