## POLLARD *vs.* MELVIN.

Where the execution of the last deed in a chain of title has been duly proved, office copies of the previous conveyances, connecting with it, will be received as *prima facie* evidence.

But where, on petition for the redemption of lands mortgaged, the respondent attempted to show, by an office copy, that the individual under whom the petitioner claimed had previously conveyed the premises to a third person, under whom the petitionee set up no claim of title—*Held*, that proof of the due execution of the deed was essential, and an office copy was incompetent evidence.

PETITION to redeem, filed under the provisions of the act of July 3, 1829, prescribing the time and mode of redeeming real estate mortgaged.

The petition, which was filed June 13, 1838, set forth, that on the 8th of January, 1835, one David Pollard mortgaged to Abraham Melvin, the respondent, a tract of land in Dorchester, to secure the payment of several promissory notes, and that on the 19th of July, 1837, Melvin entered into possession of the land. It also set forth that on the 8th of May, 1838, the petitioner became the purchaser of the equity of redemption, at a sheriff's sale on execution against the mortgager, and on the 6th of June following gave notice to Melvin of the purchase, and requested him to deliver to him an account of all sums due on the mortgage, and of all costs and damages, and also the amount of the rents and profits re-

ceived ; but Melvin refused to deliver such an account, or to comply with the request in other respects.

In reply to these facts stated in the petition, Melvin, the respondent, filed a plea, denying that the petitioner, on the 6th day of June, which was the day of his demand on Melvin for the amount of his claim by mortgage, had, either at law or equity, any right to redeem the premises, or to require of said Melvin an account of the debt secured by mortgage, and that the sale and purchase of the equity of redemption, as set forth in the petition, was fraudulent and void.

Issue was taken upon these facts.

The petitioner introduced evidence of the mortgage, as alleged in his petition, and of a sale of the equity of redemption to him on an execution, on the 8th of May, 1838, with the deed of the sheriff in pursuance of the sale. He also proved a demand upon the respondent, for an account, on the 6th of June, 1838, and a refusal.

The respondent offered in evidence an office copy, from the registry of deeds, of a quitclaim deed of said premises, from said David Pollard to one Luther Kenney, dated November 13, 1837, acknowledged the same day, and recorded on the 14th of the same November.

A verdict was taken for the petitioner, by consent, subject to the opinion of this court on the foregoing case ; and if the evidence offered by the respondent was legally competent, the verdict was to be set aside, and a new trial granted.

*Quincy,* for the respondent, remarked that the case raised the question merely whether the office copy of the deed, offered in evidence by the respondent, was properly rejected. He contended that the office copies of deeds, where the person offering them is not a party to the conveyance, are in all cases admissible as *prima facie* evidence ; and cited 7 *Greenl. R.* 181, *Woodman* vs. *Coolbroth ;* 13 *Pick.* 523, *Scoulan* vs. *Wright ;* 7 *Ditto* 10, *Eaton* vs. *Campbell.*

*Kittredge,* for the petitioner, contended that the authorities cited did not sustain the respondent's position, and that they were applicable only in those cases where the office copy offered in evidence was part of the chain of title under which the party claimed, and where the execution of the deed immediately to such party had been proved. That they did not apply where title was shown in a third person, under whom no claim was made, and that in such case proof should be offered of the execution of the original deed.

UPHAM, J. The whole question raised in this case is as to the competency of the office copy of the deed offered by the respondent. This evidence was introduced to show a conveyance by the mortgager of his equity of redemption of the land to one Luther Kenney, on the 13th of November, 1837, which was some months prior to the petitioner's attachment and the sale to him of the equity of redemption of the same on execution. If this evidence of the prior sale was good, the petitioner, under the testimony offered, of course had no right of redemption.

Some authorities have been cited to show that an office copy of a deed, under the circumstances of this case, is competent testimony. On examination of the cases, however, they go merely to sustain what has long been the settled practice in this state, that where various deeds are used in a chain of title under which the parties to the suit set up their claim, the execution only of the last and original deed in the hands of the party is required to be proved, and office copies of the previous deeds are received as competent evidence.

Courts have come only by gradual steps to this decision. In the case of *Eaton* vs. *Campbell,* 7 *Pick. R.* 10, an office copy was holden to be competent evidence where the grantor was without the commonwealth, and the original deed was not under the control of the party producing the copy, and where a subsequent deed immediately to himself had first been proved.

The case of *Hathaway* vs. *Spooner,* 9 *Pick. R.* 23, is to the same point. The case of *Scoulan* vs. *Wright,* 13 *Pick. R.* 523, goes farther than the previous cases. This was a petition for partition. The original deed to the petitioner was proved, and an office copy of the next previous deed in the chain of title was offered. The counsel for the respondent objected to the office copy, for the reason that as the deed was a recent deed, and the grantee was within the jurisdiction of the court, a registry copy was not competent evidence ; and cited, as his authorities on this point, the two cases above referred to. But the court overruled the objection. They say that the copy of a deed from the registry is good evidence *prima facie,* and dispenses with the necessity of the production and proof of the original deed, except where a grantee relies on the immediate deed to himself, or where, from the nature of the conveyance, the deed is presumed to be in his own custody or power.

This case is fully sustained by the decision in *Woodman* vs. *Coolbroth,* 7 *Greenl. R.* 181.

In the case, *Tucker* vs. *Welch,* 17 *Mass. R.* 160, which has not been cited by counsel, an office copy of a deed was admitted under the same circumstances as in the present case ; but Parker, C. J., says, the execution of the deed was not denied upon the trial, nor the fact that such a conveyance was made as was attempted to be proved by the office copy. He intimates an opinion that if the copy had been objected to on the trial, it would have been inadmissible ; but this case was not referred to in the subsequent decisions, and it does not seem to have been considered as settling this question.

The admission of an office copy of a deed in any case is a departure from the ordinary rules of evidence. It has as yet been holden to be admissible in this state only in a chain of title, where due proof has first been made of the execution of the last conveyance. Where such deed has been duly proved, the previous conveyances connecting with it may

be sustained by office copies, as *prima facie* evidence. To this extent we are prepared to go, and no further ; and such we think to be the true limitation of the authorities.

In the case before us, evidence was offered of title in a third person. Neither party claims under this third person, or has custody of the deed. A mere office copy, connected with no other conveyance, is offered to defeat the title previously duly made out by the plaintiff.

The admission of an office copy in such a case is extending the rule of evidence beyond what has been heretofore established. It is not sufficient for the defendant to say that he has no control over the original deed, and is therefore compelled to rely on secondary evidence. He has as much control of the deed as the plaintiff ; the deed is foreign to either title, and the burthen of proof of its due execution should rest on the party using it. The person holding the deed may be summoned to produce it ; or, if it is lost, secondary evidence can then be introduced. The office copy was, therefore, properly rejected, as incompetent evidence under the facts of the case, and the motion to set aside the verdict does not prevail.