## ANDREWS *v.* DAVISON.

A party may give an office-copy from the registry of deeds, as *primâ facie* evidence, in all cases where the conveyance is not immediately to himself, but he is in privity to the title conveyed by the deed.

The covenant against incumbrances is broken immediately, if there is an existing incumbrance; but the covenantee can recover only nominal damages until he sustains actual damage.

A party vouched, or notified to come in and defend a title, is bound by the judgment, whether he appear or not.

Where an action is brought against a supposed trespasser by a grantee in a deed which contains a covenant against incumbrances, and the defendant sustains his defence by showing a right which is in fact an incumbrance, the plaintiff, in a subsequent action upon the incumbrance, is entitled to have the costs of the former action considered in the assessment of the damages.

COVENANT. The declaration set forth a breach of the covenant against incumbrances, in a deed of the defendant to the plaintiff, of lot No. 36, in the second division in Northumberland. The deed was dated December 8, 1835. The breach assigned was the ownership of one James Gilchrist, at the date of the deed, of all the pine timber on the lot, and of his right to cut and carry away the same. Issue was joined upon the alleged ownership of Gilchrist, and a verdict returned for the plaintiff.

To show title and sustain the issue, the plaintiff introduced the original deed from the defendant to himself, dated December 8, 1835, conveying lot No. 36; also an office-copy of a deed from one Hobart to the defendant, a copy from William Wallace to Hobart, both conveying the same premises, and a copy of a deed from Gilchrist to Wallace, dated March 1, 1827, conveying the same lot, and reserving all the white pine timber upon it, and the right to take it off.

To the reception of the copy from Gilchrist to Wallace, the defendant excepted, alleging that the original should

be produced. Subsequently to the date of the deed from the defendant to the plaintiff, Levi W. Cobleigh, claiming the pine timber by virtue of a bill of sale from Gilchrist, entered upon the lot and carried away a portion of the timber. The plaintiff caused a suit to be instituted to recover damages for the supposed trespass committed by Cobleigh. In defence of that action, Cobleigh set up the right to the timber acquired by the bill of sale from Gilchrist, and recovered judgment. After the commencement of the action against Cobleigh, the plaintiff, being informed of the nature of the defence, caused notice to be served upon the defendant to come in and maintain his title.

The court admitted the evidence as competent to show the incumbrance set forth in the declaration, and charged the jury to that effect.

The plaintiff proved that in the action against Cobleigh he employed counsel at an expense of fifty dollars, and the court instructed the jury that if they believed that the counsel fees were expenses necessarily incurred by the plaintiff in the prosecution of that suit, they were at liberty to take them into consideration in determining the amount of damages to which the plaintiff was entitled. To this the defendant excepted.

*Young, Benton,* and *Bellows,* for the defendant, cited 5 Co. 11, *Ide's Case;* 11 *id.* 47, *Liford's Case;* 10 N. H. Rep. 74, *Pollard* v. *Melvin.*

*Eastman,* and *Wells,* for the plaintiff, cited *Bickford* v. *Page,* 17 Mass. 455; 3 Met. 390; *Clark* v. *Swift,* 2 Vt. 327; *Clapp* v. *Draper,* 4 Mass. 266.

PARKER, C. J. The deed from Gilchrist to Wallace was in the chain of title under which the plaintiff derived his title, and if he had been tracing title in support of his

Andrews *v.* Davison.

action, the copy would have been admissible, notwithstanding it might have shown exceptions and reservations. It is equally admissible here, therefore, as either of the other copies, and the question is, whether an office-copy of a deed is admissible in evidence, without an attempt to prove the original, for any purpose except to trace and support a title to the party producing it? We are of opinion that the rule allowing a copy to be used is not limited to the case of a party using it in support or defence of a real action, but extends to cases where the party derives his claim of title under the deed, a copy of which is produced. 10 N. H. Rep. 554, *Pollard* v. *Melvin;* 11 N. H. Rep. 74, *Loomis* v. *Bedel;* 2 Aik. 329, *Williams* v. *Wetherbee.* In the first of these cases it is said that where due proof has first been made of the last conveyance, that is of the deed to the party himself, " the previous conveyances connecting with it may be sustained by office-copies as *primâ facie* evidence;" and in the second, that it is only when he claims titles through deeds which have been recorded, that he is entitled to offer copies in evidence, without an effort to produce the originals. The evidence in this case is sufficient under both these limitations of the rule.

There is no objection that the plaintiff had not proved the deed to himself, upon a covenant in which this action is founded, and he claims his title, whatever he has, through the deeds of which he introduced copies. He is in privity with these conveyances, and entitled to the benefit of any covenants they may contain running with the land. But under our system of registry it is not usual for subsequent grantees to have the custody of deeds under which their title is derived, and they may resort to office-copies from the register's office. It will perhaps express the rule, with technical precision, to say, that a party may give an office-copy, from the registry of deeds, as *primâ facie* evidence in all cases where the conveyance is not immediately to

himself, but he is in privity with the title conveyed by the deed.

On the execution of the deed from the defendant to the plaintiff, if there was any existing incumbrance upon the land the covenant against incumbrances was broken immediately, and the plaintiff was at once entitled to an action. But he could recover only nominal damages until he had sustained actual damages by the breach. 4 Kent Com. 471; 5 Conn. 497, *Mitchell* v. *Warner ;* 4 Mass. 629, *Prescott* v. *Truman ;* 17 Wend. 136, *Norman* v. *Wells.*

The matter set up in defence of the action which was thus brought against Cobleigh, it appears, was an incumbrance upon the land, by means of a reservation of a right to take off the timber, which existed before the execution of the deed from the defendant to the plaintiff.

The defendant having had notice of the pendency of that suit, and of the defence set up, in order that he might come in and contest the right of Cobleigh must be bound by the verdict in that case establishing the existence of the incumbrance. He had an opportunity to come in and contest it, had he seen fit so to do. It was a suit in which one of the parties to the record was a party, and the other was vouched in, or, according to the modern practice, notified to come in and act as a party.

The remaining question is, whether the plaintiff is entitled to all the damages he has recovered. The charge of the court authorized the allowance of the counsel fees paid by the plaintiff in the former suit. *Rickett* v. *Sugden,* 9 Wend. 416, is a direct authority in favor of the recovery of counsel fees, as a part of the costs, where the action is against the grantee, and he is evicted. And the reason for the allowance of the costs appears to be the same where the title is tried in an action brought by the grantee, and the paramount title is set up by way of defence. 11 N. H. Rep. 36, *Haynes* v. *Stevens.*

*Judgment on the verdict.*