## HARVEY *v.* MITCHELL.

If the land, intended to be conveyed by a deed, is apparent, any part of the description which is false or mistaken will be rejected.

An office copy of a deed, when admissible as part of a chain of title, will be held *prima facie* evidence of the authority of the person who certifies the acknowledgment.

A collector's deed of " 10 acres in lot 26, in the 11th range in C.," is void for uncertainty.

A collector's deed is inoperative, unless the proceedings, which authorize him to sell, are proved.

WRIT OF ENTRY, to recover lot No. 26, in the 11th range in Columbia.    Plea, the general issue.

The plaintiff introduced in evidence, subject to exception,

1.   A quitclaim deed from Ralph B. Steele to the plaintiff, dated June 18, 1851, which conveys " all the right, title and interest which I received in a lot of land, containing 100 acres, it being the same lot that Caleb Sweet made improvements on, which he proposed to Joseph Loomis, agent of William Lanson, to buy of said William Lanson, reference to the deed, Lanson to me, dated July 25, 1840, for a more full description; recorded October 19, 1841, in the Coos registry."

2.   Copy of a quitclaim deed, William Lanson to Ralph B. Steele, dated July 25, 1840, and recorded October 19, 1840, which conveys " a lot of land containing 100 acres, situated in Colebrook, Coos county, N. H., being the lot which Caleb Sweet cleared on, and which he proposed to Joseph Loomis to purchase, and said lot being a part of the lands which William Lanson purchased of Aaron Forbes, deceased."   The office copy indicates that the deed was acknowledged before a justice of the peace in Connecticut. It was objected that there must be other proof of the official character of the magistrate, but the objection was overruled.

3.   Copy of a quitclaim deed, Aaron Forbes to William Lanson, dated October 7, 1817, which conveys " 5 lots of land, situate in Columbia, lately called Cockburn, in the State of New Hampshire, each lot contains 100 acres, No. 18, in the 6th range, No. 26 and No. 17, in the 11th range, No 18, in the 7th range, and No. 18, in the 8th range."

It did not appear that William Lanson ever owned any land in Colebrook, and the register of deeds testified that there was no deed on record to him of any land in the county of Coos, with the exception of the deed of Forbes, of land in Columbia.   Caleb Sweet occupied the land in question some fifteen years previous to the year 1840, and cleared a portion of it under said Lanson, and once proposed to Joseph Loomis, as agent of said Lanson, to purchase it, and. took a bond for a deed, upon certain conditions which were never performed.   He never proposed to Joseph Loomis to purchase any other lot, and never cleared upon any land in Coos county, after he was of age, with the exception of this lot and an adjoining lot, being lot No. 27, in the 11th range, and not one of the lots conveyed by Forbes to Lanson, but the lot on which said Sweet lived all the time he so occupied lot No. 26, in the 11th range, except about three months, and has his house and barn on it.

The defendant objected that the description and evidence was too loose and uncertain to enable the plaintiff to recover this lot.

He also gave in evidence a deed from the plaintiff, as collector for the town of Columbia for the year 1846, dated December 28th, 1847, conveying " 10 acres in lot number 26, in the eleventh range, in the town of Columbia," with the usual covenants of a collector's deed, subject to the plaintiff's exception, and which was the only evidence of a tax title offered by the defendant.

During all these transactions, Joseph Loomis lived at Colebrook, and said Forbes and Lanson lived in New Haven, Connecticut.

A verdict was taken, by consent, for the demandant, subject to the opinion of the court.

*G. C. Williams,* for the defendant.

1. The plaintiff must recover upon the strength of his own title, and not by the weakness of the defendants. The tenant, having possession, the demandant must show better title. *Atherton* v. *Johnson,* 2 N. H. Rep. 31. A tenant may avail himself of title in a third person, to disprove demandant's seizin. *Bailey* v. *March,* 2 N. H. Rep. 522; *Berry* v. *Brown,* 5 N. H. Rep. 156 ; *Gibson* v. *Bailey,* 9 N. H. Rep. 168: Though Lanson's possession might avail in a suit in his name, as against the defendant, if he show no title, it does not avail as title for the plaintiff, unless the title is made out to him through Lanson ; but, on the other hand, it would avail the tenant as against the plaintiff. Plaintiff's argument is, therefore, bad in this particular.

2. The plaintiff's argument, that the deed from Lanson to Steel described the lot of land in Columbia, demanded in this action, in any particular, is equally incorrect. Because although the deed makes use of expressions " in the county of Coos," " containing 100 acres," " the lot which Caleb Sweet cleared," &c., yet each and all these expressions are expressly limited and governed by the description, " situated in Colebrook, in Coos county," &c.

The case of *Lyman* v. *Loomis,* 5 N. H. Rep. 408, is not parallel to this case, because there the deed in which the discrepancy existed expressly referred to a former deed, which contained a correct description ; and that is the point taken by the court, in their opinion. Here the deed from Lanson to Steel in no way refers to the deed from Forbes to Lanson, nor mentions such an one.

The reasoning in *Worthington* v. *Hilyer,* 4 Mass. Rep. 203, seems to sustain the position of the tenant in this case ; and the demandant's counsel there distinguished that case from *Doddington's Case,* " where all the lands in W.," were

granted, when, in truth, the lands were situated in D., and, it is said, there were no lands in W., to which place the grant was restrained, for the grant to operate upon.

So the court say, in the same case, " if a man convey all his estate in his occupation in the town of W.," no estate can pass, except what is in his own occupation, and is also situate in that town.

I find no case where a wrong description of the town, under any circumstances, has been set aside.

I regard the principle correctly stated in 4 Greenl. Cruise, Tit. 32, ch. 21, § 59. " If there be an error in the principal description of the thing intended to be granted, though there be no error in the addition, nothing will pass. Thus Lord *Bacon* says, " If a person grant *tenementum suum*, or *omnia tenementa sua*, in the parish of St. B., without Aldgate, when it is, in truth, without Bishopgate, ' *in tenura Gulielmi A.*,' which is true, yet the grant will be void, because that which sounds in denomination is false, which is the more worthy, and that which sounds in addition is true, which is less. And although the words *in tenura Gulielmi A.* which is true, had been first placed, yet it had been all one."

This would seem precisely in point with the present case, substituting what is said in the deed about Caleb Sweet's improvements for *in tenura Gulielmi A.*

When the description of the premises conveyed is composed of several particulars, all of which are necessary to ascertain subject of the grant, nothing will pass except that which agrees with every particular of the description. 23 Am. Jur. 281. See other authorities, sustaining our view of the construction. *Benedict* v. *Gaylord*, 11 Conn. Rep. 332; *Jackson* v. *Clark*, 7 Johns. 27; 13 Miss. Rep. 497.

Where one tract of land is by mistake conveyed instead of another, by deed, the mistake cannot be corrected in a court of law. *Bell* v. *Morse*, 6 N. H. Rep. 205.

3. The objection to our collector's deed, if it was mate-

rial, is answered by saying, that where a title, derived under an authority given by law, is set up against a stranger, it is sufficient to show an authority to convey, and a conveyance under it. *Thompson* v. *Carr*, 5 N. H. Rep. 510.

But our possession is all that is necessary to answer the demandant, in this case.

*Flint*, for the plaintiff.

The case shows that Lanson, by his tenant, Caleb Sweet, occupied the lot in question, some fifteen years or more, and cleared a portion of it. This possession is sufficient evidence of title as against the defendant. Now if said lot was conveyed by the deed from Lanson to Steele, there can be no doubt that it was conveyed to the plaintiff by his deed from said Steele.

This lot, No. 26, in the 11th range, was one of five lots, purchased by Lanson of Aaron Forbes, and laid adjoining to the farm on which said Sweet lived. Sweet occupied this lot fifteen years or more, and proposed to Joseph Loomis, agent of Lanson, to purchase it, and took a bond for a deed. Lanson never owned any lands in Colebrook, nor any in Coos county, but these five lots he purchased of Forbes. Sweet never cleared on any other lot of Lanson's, or proposed to Joseph Loomis to purchase any other.

The court will perceive that Colebrook was inserted in the deed, Lanson to Steele, instead of Columbia, clearly by mistake. Yet this deed describes the lot in question correctly, in the following particulars : 1. All my right, title, interest and estate. This must refer to land, to which the grantor had a title, and he had none to land in Colebrook. 2. It is described as a lot of land containing one hundred acres. 3. In the county of Coos. 4. The lot which Caleb Sweet cleared on. 5. And proposed to Joseph Loomis to purchase. 6. Said lot being part of the land which said Lanson purchased of Forbes. This description seems to be

abundantly sufficient and accurate to identify the premises, and, if so, it conveys the lot in question.

Where the description is merely general, and followed by several particulars, all of which are necessary to ascertain the land, the land must agree to the whole description, as if a deed conveys all my lands in A., in the possession of B., the lands must be situate in A., and also be possessed by B., or they do not pass. And it is so, because if there is no land that answers to these particulars, there is no land described at all. But where there is a particular description, which is correct, and sufficient to ascertain the land, it passes by the deed, although some mistaken circumstance be added. This is the doctrine of all the cases. *Lyman* v. *Loomis*, 5 N. H. Rep. 408; *Tenney* v. *Beard*, 5 N. H. Rep. 58; *Worthington* v. *Hillyer*, 4 Mass. Rep. 196; *Conally* v. *Vernon*, 5 East 79; *Loomis* v. *Jackson*, 19 Johns. 449; *Goodtitle* v. *Bailey*, Cowp. 597; *Jackson* v. *March*, 1 Wend. 541; *Boardman* v. *Reed*, 6 Peters 345; *Jackson* v. *Clark*, 7 Johns. 218. Of these, in *Lyman* v. *Loomis*, " 2 lots in Bethlehem," conveyed same lots in the gore; *Tenney* v. *Beard*, " lot No. 10," conveyed a part of No. 9 and part of No. 10; *Loomis* v. *Jackson*, " part of lot No. 50," conveyed a part of lot No. 51; *Jackson* v. *Clarke*, " lot No. 1 and C., in the 12 general allotment," conveyed lot No. 1 and C. in the 21 general allotment.

II.   The collector's deed is void for uncertainty. *Haven* v. *Cram*, 1 N. H. Rep. 93.

III.   A collector's deed alone, without showing any proceedings to sustain and justify it, conveys no title.

IV.   But if the collector's deed had been sufficient to convey " ten acres in lot No. 26," &c., it could not avail the defendant any thing under the general issue. *Hale* v. *Glidden*, 10 N. H. Rep. 403.

V.   If the collector's deed conveyed any thing, it was the right of the grantee to select ten acres out of the lot in question; but he never having exercised that right in his lifetime,

it was extinguished at his death.   *Jackson* v. *Van Buren*, 13 Johns. 525.

BELL, J.   The deed of Steel does not describe the land conveyed as situate in any town or place, but it is described as the same land upon which C. Sweet made improvements, and which he proposed to Lanson's agent to purchase, and the deed of Lanson to Steel, dated July 28, 1840, recorded in the Coos registry, October 19, 1841, is referred to for a more full description.   By these circumstances, the land intended may be identified, and the deed, therefore, is sufficient and effectual to convey any interest of Steel in the premises.

The deed of Lanson to Steel, dated July 25, 1840, recorded October 19, 1841, conveys a lot of land, containing one hundred acres, situate in *Colebrook*, being the lot which C. Sweet cleared on, and which he proposed to Joseph Loomis to purchase, being part of the land which Lanson purchased of Forbes.   It appeared that Forbes' deed to Lanson conveyed land in Columbia, where the land here in question is situate, and none in any other town, and Lanson never owned or claimed any land in Colebrook ; and there was no deed on record to him of any land in the county of Coos, but the deed of Forbes, of this land in Columbia.   The lot in question was occupied by Sweet, under Lanson, and he had proposed to Loomis, Lanson's agent, to purchase it, and had a bond for a deed of it, upon conditions which were never performed.   None of these circumstances were true of any other lot, either in Colebrook or elsewhere.

It is objected that the description is too loose and uncertain to enable the plaintiff to recover this lot.   The rules applicable to the construction of deeds, in case of imperfect and incorrect description, have been very often before the courts, both here and elsewhere, most recently in the cases of *Drew* v. *Drew*, 8 Foster's Rep. 489, and *Emerson* v. *White*, 9 Foster's Rep. 482.   In these cases, it was held that,

in construing deeds, effect is to be given to every part, if practicable. But that where, upon the whole description, the property intended to be conveyed is clear, any part, inconsistent with it, will be rejected as false or mistaken. In the present case, it is apparent the design was to convey land in Columbia, and the mention of Colebrook is a mistake. If retained, the deed is merely inoperative, and the intention of the parties to convey some real estate, is entirely defeated. While if it is rejected, the deed will take effect to convey the land clearly identified by all the other parts of the description. This mistaken particular, then, is to be merely rejected. The residue of the description applies to and identifies the land here in question.

The deed from Lanson to Steel was not produced, but, under the ordinary rule that a party, after proof of the original deed to himself, or of his title by descent or devise, may use an office copy of a deed, to which he is not a party, but which constitutes part of his chain of title, as *prima facie* evidence, without showing the loss of the original, (*Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Pollard* v. *Melvin*, 10 N. H. Rep. 554; *Loomis* v. *Bedell*, 11 N. H. Rep. 74; *Forsaith* v. *Clark*, 1 Foster's Rep. 409,) a copy was produced, but it appeared that the acknowledgment purported to be made before a justice of the peace in Connecticut; and the objection is taken that some evidence is necessary that the person who assumed to act as a justice was such in fact.

It was held in *Atkinson* v. *Bemis.* 11 N. H. Rep. 46, that if a deed has not been acknowledged, an office copy is not admissible as evidence of title. The ground here taken is, that without proof that the person taking the acknowledgment is a justice, the certificate is a mere nullity, and the deed is to be regarded as one not acknowledged. We think there is no foundation for this suggestion, and that no valid reason can be assigned for applying a different rule, in the case of the acknowledgment, from that allowed as to the signatures of the parties and the witnesses, and as to the es-

sential fact of a delivery. The rule, as we understand it, is, that if the copy produced purports to be of a deed regularly executed, acknowledged and recorded, the copy will be regarded as *prima facie* evidence of these facts, as well as of the contents of the deed. This, we understand to be the effect of the cases before cited, the question being considered somewhat at length in the case of *Forsaith* v. *Clark*, and supported by the case of *Hathaway* v. *Spooner*, 9 Pick. 23.

The collector's deed is void for uncertainty. He must sell a tract in certainty, and cannot give to the bidder any election. *Haven* v. *Cram*, 1 N. H. Rep. 93. It likewise cannot be held to pass any title, from an entire absence of evidence that as collector he had any power to sell. The burden is on the party who claims under a collector's deed, to show such proceedings as give him this power. *Waldron* v. *Tuttle*, 3 N. H. Rep. 340; *Cardigan* v. *Page*, 6 N. H. Rep. 182; *Ainsworth* v. *Dean*, 1 Foster's Rep. 400.

The defendant's exceptions not being sustained, there must be

*Judgment on the verdict.*